Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Alison E. Wilson (SBN 255606)
awilson@slpattorney.com
*Awaiting admission to Northern District*
Karen E. Nakon (SBN 278423)
knakon@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone:   (310) 277-1040
Facsimile:    (310) 943-3838

Attorneys for Plaintiff Melita Meyer

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA– SAN FRANSCISCO DIVISION

| | |
|---|---|
| MELITA MEYER, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>   v.<br><br>BEBE STORES, INC.;<br><br>      Defendant. | Case Number:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *ET SEQ.*, AND UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*<br><br>DEMAND FOR JURY TRIAL** |

Case No.                                 1
COMPLAINT

# INTRODUCTION

1. Melita Meyer ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Bebe Stores, Inc. ("Defendant"), in negligently and/or willfully contacting Plaintiff through SMS or "text" messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

# JURISDICTION AND VENUE

2. The Court possesses federal question subject matter jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3. This Court also possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because (i) the Class consists of 100 or more members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

4. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in and continuously conducts business in this district.

# INTRADISTRICT ASSIGNMENT

5. Assignment to the San Francisco Division is appropriate pursuant to Civil L-R 3.2(c) and (d), because a substantial part of the events that give rise to the Plaintiff's claims occurred in San Mateo County, where Defendant is headquartered.

Case No.  
COMPLAINT  
2

## PARTIES

6. Plaintiff Melita Meyer is, and at all times mentioned herein was, a citizen and resident of the State of California. She is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a California corporation with its principal place of business located at 400 Valley Drive, Brisbane, California, and a "person," as defined by 47 U.S.C. § 153 (39).

8. Plaintiff alleges that, at all times relevant herein, Defendant conducted business throughout the United States, including in the state of California and within this judicial district.

## FACTUAL ALLEGATIONS

9. In recent years, marketers stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations to consumers easily and cheaply.

10. One of the newest methods of bulk marketing is to advertise through text messages sent to mobile phones.

11. Unlike faxes and unanswered phone calls, a text message allows virtually instantaneous communication with the recipient, almost anywhere in the world, day or night. Many cellular phones immediately alert the recipient of new text messages. Consumers frequently use text messaging to stay in close contact with business colleagues and associates, family members, and friends. Text messaging is also used by schools, police departments, fire departments, and emergency medical services across the country.

12. The instantaneous nature of text message communication makes it very appealing to telemarketers—and very annoying to consumers subjected to spam text messages.

13. And unlike other forms of advertisement, such text messages actually cost its recipients money, because cellular phone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

14. During the relevant time period, Defendant and/or its agents directed the mass transmission of text messages to cellular phones nationwide in an attempt to reach customers or potential customers of Defendant's products.

### THE CALLS TO PLAINTIFF MELITA MEYER

15. In or about December 2013, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at her cellular telephone number:



16. Such text messages constitute "calls" under the TCPA that were not made for emergency purposes, as defined by 47 U.S.C. § 227 (b)(1)(A).

Case No. 4
COMPLAINT

17. Defendant made these calls to promote its goods and services.

18. Defendant made these calls to Plaintiff's cellular telephone number using an "automatic telephone dialing system" ("ATDS")—as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A)—which had the capacity to store or produce and dial numbers randomly or sequentially, and to place telephone calls and/or send text messages to Plaintiff's cellular telephone number.

19. Plaintiff's telephone number is, and at all relevant times was, assigned to a cellular telephone service, as set forth in 47 U.S.C. 227(b)(1)(A)(iii).

20. Plaintiff is the authorized, intended, and/or sole user of the cellular telephone number that Defendant called and/or to which it sent text messages.

21. Defendant intended to call and/or send text messages to—and in fact called and/or sent text messages to—Plaintiff's cellular telephone number, and Plaintiff received the calls and/or text messages.

22. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. Defendant never told Plaintiff that it would use her cellular number to send her promotional text messages through an ATDS.

24. These calls and/or text messages invaded Plaintiff's privacy. These telephone text messages by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

26. Plaintiff represents and is a member of the Class consisting of all persons within the United States who received any SMS or text messages from Defendant or its agents on any telephone number assigned to a paging service, cellular phone service, mobile radio service, radio common carrier service, or other

Case No. 5
COMPLAINT

service for which the called party is charged, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or artificial or prerecorded voice, which SMS or text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint until class certification.

27. Defendant and its employees or agents are excluded from the Class.

28. Plaintiff does not know the number of members in the Class, but believes the Class Members number in the thousands, if not more. Therefore, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. Plaintiff and the other Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the other Class Members via their cellular telephone numbers by using unsolicited SMS or text messages and invading the privacy of said Plaintiff and the other Class Members. Plaintiff and the other Class Members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or otherwise revise the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned in further investigation and discovery.

31. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class Members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent SMS or text messages without the recipients' prior express consent (other than SMS or text messages made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violations; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

33. Because Plaintiff received at least one unsolicited telephone SMS or text message from Defendant without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Member's claims, few, if any, Class Members could afford to individually seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling consumer class action claims.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 *ET SEQ.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant, using an ADTS, sent text messages to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

40. By using an ADTS, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of consumers without human intervention. These text messages were made *en masse* without the prior express consent of Plaintiff and the other members of the Class to receive such text messages.

41. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

42. As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant, using an ADTS, sent text messages to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged.

46. By using an ADTS, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of consumers without human intervention. These text messages were made *en masse* without the prior express consent of Plaintiff and the other members of the Class to receive such text messages.

47. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA,

Case No.   9
COMPLAINT

including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

48.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

## CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     Defendant's practice of sending text messages to Plaintiff and the other Class Members on their cellular telephones using an ATDS without their prior express consent (within the meaning of the TCPA) violates 47 U.S.C. §§ 227 et seq.

52.     Defendant's conduct described herein violates Cal. Bus & Prof. Code §§ 17200 et seq. (the "UCL") in the following respects:

  a. Defendant's use of automated and predictive dialing techniques to harass Plaintiff and the other Class Members is unlawful and a violation of the UCL; and

  b. Each of Defendant's violations of the TCPA constitutes a separate and independent violation of the UCL because such conduct is illegal and unfair competition within the meaning of the UCL.

53.     The harm to Plaintiff and the Class arising from Defendant's illegal practices outweighs the utility, if any, of those practices.

54. The illegal business practices of Defendant are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and the other Class Members.

55. Unless restrained by this Court, Defendant will continue to engage in the illegal acts and practices alleged above.

56. Pursuant to California Business & Professions Code section 17203, Plaintiffs and the Class are therefore entitled to:

   a. an Order requiring Defendant to cease the unlawful acts alleged herein; and

   b. payment of their attorneys' fees and costs pursuant to, inter alia, Cal. Code Civ. Proc. § 1021.5

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and the other Class Members the following relief against Defendant:

1. As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2. As a result of Defendant's and Defendant's agents' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

3. Pursuant to 47 U.S.C. § 227(b)(3)(A) and the UCL, Plaintiff seeks for herself and each Class Member injunctive relief prohibiting such conduct in the future.

Case No.  11
COMPLAINT

4. Plaintiff seeks for herself and each Class Member an award of reasonable attorneys' fees and costs to Plaintiff's counsel, including attorneys' fees, inter alia, pursuant to Cal. Code Civ. Pro. Section 1021.5.

5. Plaintiff seeks for herself and each Class Member any other relief the Court may deem just and proper or any other remedy available for Defendant's violations alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: January 16, 2014     Respectfully submitted,

By: /s/ Karen E. Nakon
Karen E. Nakon
Strategic Legal Practices, APC
Attorneys for Plaintiff Melita Meyer

Case No.
12
COMPLAINT