Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
**Strategic Legal Practices, APC**
1875 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:   (310) 277-1040
Facsimile:    (310) 943-3838

Matthew R. Mendelsohn (*pro hac vice* forthcoming)
mmendelsohn@mskf.net
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:   (973) 228-9898
Facsimile:    (973) 228-0303

Dara Tabesh (SBN 230434)
dara.tabesh@ecotechlaw.com
**EcoTech Law Group, P.C.**
333 First St. Ste. C
San Francisco, CA 94105
Telephone:   (415) 503-9194
Facsimile:    (415) 651-8639

Attorneys for Plaintiff Melita Meyer

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MELITA MEYER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEBE STORES, INC.,<br><br>Defendant. | Case No.: 14-cv-00267-YGR<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION TO STAY LITIGATION**<br><br>Date:            March 10, 2015<br>Time:           2:00 p.m.<br>Location:     Courtroom 1<br><br>Complaint Filed:       Jan. 16, 2014 |

# EVIDENTIARY OBJECTIONS

Under Federal Rules of Evidence 401, 403, 602, 801, 802, 901, 1004 and 1006, Plaintiff Melita Meyer objects to and moves to strike the following portions of Defendant's Motion to Stay Litigation to Permit FCC to Rule on Recently Filed Petition (CM/ECF Dkt. No. 56).

| **Material Objected To** | **Grounds for Objection** |
|---|---|
| **Ex. A to Lautier Decl.:** Purported copy of the Air2Web Contract | **Irrelevant; Misleading; Unduly Prejudicial.** Defendant asks the Court to stay the litigation to allow the FCC to issue a declaratory ruling in response to the *Sensia* Petition. The Air2Web Contract, however, is irrelevant to the issues presented in the *Sensia* Petition. According to Defendant, the *Sensia* Petition involves three entities: (1) Sensia, who provided its customer data to (2) Textmunications, who stored the data and then provided it to (3) Air2Web, who dialed the customer phone numbers through the common carriers. In this connection, the *Sensia* Petition posed the following question: must the storage and dialing capabilities of an autodialer be united in a single entity to trigger liability under the TCPA, or can those capabilities be distributed across two separate entities (*i.e.*, Textmunications and Air2Web). This case, by contrast, involves only two entities: (1) Bebe, who provided its customer data to (2) Air2Web, who then stored **and** dialed the numbers. Even assuming Air2Web used the |

same equipment in this case as it did in *Sensia*—which is highly unlikely, given that the Air2Web Contract states that Air2Web can customize its equipment to each customer's needs (*see* Ex. A, at Schedule B § 1)—the Air2Web Contract (naturally) does not provide any information about **Textmunications'** equipment. This is unsurprising, given that Textmunications—or any entity equivalent to it—is entirely absent from this litigation.

Nor does the Contract even provide sufficient evidence regarding the equipment used in **this** case. The Contract merely describes the equipment in the most general terms.

In short, the Air2Web contract is irrelevant to the issues raised in the *Sensia* Petition.

**Adverse Inference Rule.**

Defendant's failure to provide any concrete evidence concerning its equipment, combined with its failure to provide substantive responses to Plaintiff's discovery, suggests that, in fact, its equipment bears little resemblance to the equipment at issue in *Sensia*. Federal courts almost universally recognize the Adverse Inference Rule: When a party has relevant and important evidence

|   |   |
|---|---|
|   | within its control, and fails to produce such evidence, that failure give rise to an inference that the evidence is unfavorable to him or her. *See, e.g., Int'l Union, United Auto Aerospace and Agric. Implement Workers of Am. (UAW) v N.L.R.B.*, 459 F.2d 1329, 1335-36 (C.A.D.C. 1972); *P.R. Mallory & Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir.1968) (a party's failure to produce evidence that he be expected to produce under the circumstances gives rise to a presumption against the party failing to produce it); *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 315 (8th Cir. 1946) (an inference that relevant evidence is unfavorable is justifiable where the evidence is within the control of the party but is unable to produce evidence to support his claim). The theory behind the Rule is that, all things being equal, a party will of its own volition introduce the strongest evidence available to prove its case. If evidence within the party's control would in fact strengthen the party's case, the party can be expected to introduce it even if it is not subpoenaed.  Conversely, if such evidence is not introduced, it may be inferred that the evidence is unfavorable to the party suppressing it.  *Int'l Union*, 459 F.2d at 1338. |

_____**Sustained**               _____**Overruled**

| | |
|---|---|
| **Lautier Decl. ¶ 1:** "In my roles with Defendant, I have become familiar with its text messaging program…" | **Lacks Personal Knowledge; Lacks Foundation.** The Lautier Declaration does not demonstrate that Mr. Lautier possesses any personal knowledge of Defendant's text messaging system.  Rather, Mr. Lautier's understanding of Defendant's equipment seems to derive entirely from his review of the Air2Web Application and Service Agreement ("Agreement").  (*See* Lautier Decl. ¶ 2.)  That Agreement, however, only references Air2Web's equipment in the most general terms (*see generally*, Agreement), and is therefore inadequate to permit Mr. Lautier to state that he is "familiar" with the equipment. **Irrelevant; Misleading; Unduly Prejudicial.** Even if Mr. Lautier possessed personal knowledge of Air2Web's equipment (in this case), that knowledge would be irrelevant to the issues presented in the *Sensia* Petition.  According to Defendant, the *Sensia* Petition involves three entities: (1) Sensia, who provided its customer data to (2) Textmunications, who stored the data and then provided it to (3) Air2Web, who dialed the customer phone numbers through the common carriers.  In this connection, the *Sensia* Petition posed the following question: must the storage and |

dialing capabilities of an autodialer be united in a single entity to trigger liability under the TCPA, or can those capabilities be divided into two separate entities (*i.e.*, Textmunications and Air2Web). This case, by contrast, involves only two entities: (1) Bebe, who provided its customer data to (2) Air2Web, who then stored **and** dialed the numbers. As Defendant effectively concedes, there is no entity in this case directly analogous to Textmunications. Rather, in this case, Air2Web **both** stored and dialed the customer numbers. Mr. Lautier has not testified regarding the Textmunications equipment, which is a critical part of the *Sensia* Petition.

In sum, even if Mr. Lautier could establish personal knowledge of Air2Web's equipment, that knowledge would be irrelevant to the resolution of Defendant's Motion to Stay.

**Adverse Inference Rule.**
Defendant's failure to provide any concrete evidence concerning its equipment, combined with its failure to provide substantive responses to Plaintiff's discovery, suggests that, in fact, its equipment bears little resemblance to the equipment at issue in *Sensia*. Federal courts almost universally recognize the Adverse Inference Rule:

When a party has relevant and important evidence within its control, and fails to produce such evidence, that failure give rise to an inference that the evidence is unfavorable to him or her. *See, e.g., Int'l Union, United Auto Aerospace and Agric. Implement Workers of Am. (UAW) v N.L.R.B.*, 459 F.2d 1329, 1335-36 (C.A.D.C. 1972); *P.R. Mallory & Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir.1968) (a party's failure to produce evidence that he be expected to produce under the circumstances gives rise to a presumption against the party failing to produce it); *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 315 (8th Cir. 1946) (an inference that relevant evidence is unfavorable is justifiable where the evidence is within the control of the party but is unable to produce evidence to support his claim). The theory behind the Rule is that, all things being equal, a party will of its own volition introduce the strongest evidence available to prove its case. If evidence within the party's control would in fact strengthen the party's case, the party can be expected to introduce it even if it is not subpoenaed.  Conversely, if such evidence is not introduced, it may be inferred that the evidence is unfavorable to the party suppressing it.  *Int'l Union*, 459 F.2d at 1338.

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S MOTION TO STAY LITIGATION

| _____Sustained | _____Overruled |
|---|---|
| **Lautier Decl. ¶ 6:** "The statements in [the Scholl Declaration filed in the Sensia case] also describe the systems and equipment Air2Web used to provide services to Defendant, as described in the Air2Web Contract." | **Lacks Personal Knowledge; Lacks Foundation.** The Lautier Declaration does not demonstrate that Mr. Lautier possesses any personal knowledge of the equipment at issue in the *Sensia* action. Rather, Mr. Lautier's understanding of that equipment seems to derive entirely from his review of the Scholl Declaration filed in the *Sensia* action. (*See* Lautier Decl. ¶ 7.) This is insufficient to make a determination that the equipment used in this case and the *Sensia* action are, in fact, identical, as Defendant seems to suggest.<br><br>**Irrelevant; Misleading; Unduly Prejudicial.** Even if Mr. Lautier possessed personal knowledge of Air2Web's equipment in **both** this case and the *Sensia* action, that knowledge would be irrelevant to the issues presented in the *Sensia* Petition. According to Defendant, the *Sensia* Petition involves three entities: (1) Sensia, who provided its customer data to (2) Textmunications, who stored the data and then provided it to (3) Air2Web, who dialed the customer phone numbers through the common carriers. In this connection, the *Sensia* Petition posed the following question: must the |

storage and dialing capabilities of an autodialer be united in a single entity to trigger liability under the TCPA, or can those capabilities be divided into two separate entities (*i.e.*, Textmunications and Air2Web). This case, by contrast, involves only two entities: (1) Bebe, who provided its customer data to (2) Air2Web, who then stored **and** dialed the numbers. As Defendant effectively concedes, there is no entity in this case directly analogous to Textmunications. Rather, in this case, Air2Web **both** stored and dialed the customer numbers. Accordingly, a crucial element of the *Sensia* Petition is absent from this litigation entirely.

**Adverse Inference Rule.**

Defendant's failure to provide any concrete evidence concerning its equipment, combined with its failure to provide substantive responses to Plaintiff's discovery, suggests that, in fact, its equipment bears little resemblance to the equipment at issue in *Sensia*. Federal courts almost universally recognize the Adverse Inference Rule: When a party has relevant and important evidence within its control, and fails to produce such evidence, that failure give rise to an inference that the evidence is unfavorable to him or her. *See, e.g., Int'l Union, United Auto Aerospace and Agric. Implement Workers of Am. (UAW) v N.L.R.B.*, 459

| | |
|---|---|
| | F.2d 1329, 1335-36 (C.A.D.C. 1972); *P.R. Mallory & Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir.1968) (a party's failure to produce evidence that he be expected to produce under the circumstances gives rise to a presumption against the party failing to produce it); *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 315 (8th Cir. 1946) (an inference that relevant evidence is unfavorable is justifiable where the evidence is within the control of the party but is unable to produce evidence to support his claim). The theory behind the Rule is that, all things being equal, a party will of its own volition introduce the strongest evidence available to prove its case. If evidence within the party's control would in fact strengthen the party's case, the party can be expected to introduce it even if it is not subpoenaed.  Conversely, if such evidence is not introduced, it may be inferred that the evidence is unfavorable to the party suppressing it. *Int'l Union*, 459 F.2d at 1338. |
| _____**Sustained** | _____**Overruled** |
| **Lautier Decl. ¶ 7:** "Based on the statements set forth herein, I understand and believe that the FCC's ruling on the Petition will be informative and helpful to this case." | **Irrelevant; Misleading; Unduly Prejudicial.** Defendant asks the Court to stay the litigation to allow the FCC to issue a declaratory ruling in response to the *Sensia* Petition.  Even if Mr. |

9

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S MOTION TO STAY LITIGATION

Lautier possessed personal knowledge of Air2Web's equipment, that knowledge would be irrelevant to the issues presented in the *Sensia* Petition. According to Defendant, the *Sensia* Petition involves three entities: (1) Sensia, who provided its customer data to (2) Textmunications, who stored the data and then provided it to (3) Air2Web, who dialed the customer phone numbers through the common carriers. In this connection, the *Sensia* Petition posed the following question: must the storage and dialing capabilities of an autodialer be united in a single entity to trigger liability under the TCPA, or can those capabilities be divided into two separate entities (*i.e.*, Textmunications and Air2Web). This case, by contrast, involves only two entities: (1) Bebe, who provided its customer data to (2) Air2Web, who then stored **and** dialed the numbers. As Defendant effectively concedes, there is no entity in this case directly analogous to Textmunications. Rather, in this case, Air2Web **both** stored and dialed the customer numbers. Accordingly, a crucial element of the *Sensia* Petition is absent from this litigation entirely.

**Adverse Inference Rule.**

Defendant's failure to provide any concrete evidence concerning its equipment, combined with

its failure to provide substantive responses to Plaintiff's discovery, suggests that, in fact, its equipment bears little resemblance to the equipment at issue in *Sensia*. Federal courts almost universally recognize the Adverse Inference Rule: When a party has relevant and important evidence within its control, and fails to produce such evidence, that failure give rise to an inference that the evidence is unfavorable to him or her. *See, e.g., Int'l Union, United Auto Aerospace and Agric. Implement Workers of Am. (UAW) v N.L.R.B.*, 459 F.2d 1329, 1335-36 (C.A.D.C. 1972); *P.R. Mallory & Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir.1968) (a party's failure to produce evidence that he be expected to produce under the circumstances gives rise to a presumption against the party failing to produce it); *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 315 (8th Cir. 1946) (an inference that relevant evidence is unfavorable is justifiable where the evidence is within the control of the party but is unable to produce evidence to support his claim). The theory behind the Rule is that, all things being equal, a party will of its own volition introduce the strongest evidence available to prove its case. If evidence within the party's control would in fact strengthen the party's case, the party can be expected to introduce it even if it is not

| | |
|---|---|
| | subpoenaed.  Conversely, if such evidence is not introduced, it may be inferred that the evidence is unfavorable to the party suppressing it. *Int'l Union*, 459 F.2d at 1338. |
| **_____Sustained** | **_____Overruled** |

### REQUEST TO STRIKE

The foregoing evidentiary submissions are improper and should be stricken by the Court, along with all arguments referencing those submissions in the Motion.

Dated:  February 11, 2015             Respectfully submitted,

                                      EcoTech Law Group, P.C.


                                By:   /s/
                                      Dara Tabesh
                                      Attorneys for Plaintiff Melita Meyer