Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone:   (310) 277-1040
Facsimile:   (310) 943-3838

*Attorneys for Plaintiff Melita Meyer*

Thomas A. Kearney (State Bar No. 90045)
tak@kearneylittlefield.com
Prescott W. Littlefield (State Bar No. 259049)
pwl@kearneylittlefield.com
**KEARNEY LITTLEFIELD LLP**
3436 N. Verdugo Rd., Ste. 230
Glendale, California 91208
Telephone  (213) 473-1900
Facsimile   (213) 473-1919

*Attorneys for Plaintiff Samantha Rodriguez*

*[Additional Attorneys on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MELITA MEYER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEBE STORES, INC.<br><br>Defendants. | Case No. 4:14-cv-00267-YGR<br><br>**PLAINTIFFS' PROPOSED TRIAL PLAN**<br><br>Date:   October 3, 2016<br>Time:  2:00 p.m.<br>Dept.  1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |
| SAMANTHA RODRIGUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BEBE STORES, INC.;<br><br>Defendant. | Case No.: 4:14-cv-01968-YGR |

Pursuant to the Court's August 22, 2016 Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification ("Certification Order," ECF/CM Doc. No. 106), Plaintiffs submit the following trial plan for the Court's consideration.

## I.    INTRODUCTION

On August 22, 2016, the Court certified the following classes:

> **1. Post-October 16, 2013 Non-Club Bebe Class**
>
> All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were not members of Club bebe during the Class Period.
>
> **2. Post-October 16, 2013 Club Bebe Class**
>
> All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period.

(Certification Order at 18:23-19:4.)[1]

The Certification Order directed Plaintiffs to file a trial plan that outlines the nature of proof expected to be used at trial, including witnesses and exhibits. (*Id.* at 19:12-13.)

## II.   THE NATURE OF PROOF EXPECTED TO BE USED AT TRIAL

The elements of a TCPA claim are as follows: whether a defendant (a) sent a text message to a cellular phone number (b) using an automatic telephone dialing system ("ATDS") (c) without the recipient's prior express consent;[2] and, (d) the topic of statutory damages. *See*

---

[1] The Certification Order conditioned certification of the Club bebe class on class counsel's ability to find a proper representative for the class, who meets the class definition, and file an amended complaint within 60 days of the Certification Order.  Otherwise, the Court will decertify the Club bebe class.

[2] Because the Classes are confined to text messages sent on or after October 16, 2013, Defendant was required to obtain express written consent.

Certification Order at 7:22-8:4 (citing 47 U.S.C. § 227(b)(1); 47 C.F.R. § 64.1200(a)(2), (f)(8); 47 U.S.C. § 227(b)(3)).  *See also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir.2012).

### A.     Whether Defendant Sent Text Messages to a Cellular Phone Number

With respect to both the Non-Club Bebe Class and Club Bebe Class, Plaintiffs intend to submit the following proof that Defendant sent text messages to Class Members:

#### 1.     Exhibits

- Defendant's customer records, including records from Defendant's confidential and proprietary databases;
- Defendant's records regarding communications with customers at the point of sale;
- Air2Web Agreement; and
- MGage's outbound call records.[3]

#### 2.     Witnesses

- Defendant's database and records custodian(s);
- MGage's outbound call records custodian(s);
- Plaintiffs; and
- Plaintiffs' expert witness(es).

### B.     Whether Defendant Used an ATDS

The term "automatic telephone dialing system" means equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  47 U.S.C. § 227(a)(1).

#### 1.     Exhibits

- Documents, such as schematics and manuals, concerning the operation of "bebe's computer system[,]" including its "server and terminal" (*see* Def.'s Cert. Opp. at 7:12-13);
- Documents, such as schematics and manuals, concerning Defendant's confidential

---

[3] Air2Web, the company that transmitted the text messages to the carrier, filed a voluntary Chapter 11 petition for relief on November 4, 2013. (*See* Def.'s Cert. Opp. at 6:21-22 and n.2.)  Mgage is the company in possession of Air2Web's records.

- and proprietary software;
- Documents, such as schematics and manuals, concerning MGage's outbound call equipment and software;
- Air2Web Agreement; and
- Documents submitted by Air2Web to the FCC regarding its systems.

### 2. Witnesses

- Defendant's representative(s) regarding its point-of-sale, confidential and proprietary software, databases, and systems.
- MGage's outbound call equipment/software representative(s); and
- Plaintiffs' ATDS expert witness.

### C. Whether Defendant Obtained Prior Express Written Consent

Whether a TCPA plaintiff gave express prior consent is an affirmative defense to be raised and proven by a defendant. *See, e.g.*, *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n. 1 (9th Cir. 2011).[4]

For text messages sent on or after October 16, 2013, a TCPA defendant carries the burden of demonstrating that it obtained written consent, as follows:

> (8) The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.
>
> (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
>
> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property,

---

[4] *And see, e.g.*, *Mashiri v. Ocwen Loan Servicing, LLC*, 2013 WL 5797584, at *5 (S.D. Cal. Oct. 28, 2013); *Robbins v. Coca–Cola Co.*, 2013 WL 2252646 at *2 (S.D. Cal. May 22, 2013); *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 WL 2129364 at *3 (S.D. Cal. June 11, 2012); *Knutson v. ReplyA, Inc.*, No. 10-CV-1267 BEN WMC, 2011 WL 291076, at *1 (S.D. Cal. Jan. 27, 2011); *Hurrey-Mayer v. Wells Fargo Home Mortgage, Inc.*, 09 CV 1470 DMS NLS, 2009 WL 3647632, at *4 (S.D. Cal. Nov. 4, 2009).

goods, or services.

(ii) The term ''signature'' shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.

47 U.S.C. § 64.1200(f)(8).

Defendant may not rely on mere policy evidence to carry its burden of proof. Instead, Defendant must proffer evidence of specific instances of written consent. *See Meyer v. Portfolio Recovery Associates, LLC*, 707 F. 3d 1036, 1042 (9th Cir. 2012) ("[Defendant] did not show a single instance where express consent was given before the call was placed."); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1307 (D. Nev. 2014) (finding no evidence of consent where Defendant's declarants lacked personal knowledge of whether plaintiffs or class members consented when they visited one of "'hundreds' of websites that Defendants allege were the original sources of the cell phone numbers").

To date, Defendant has presented no evidence—as to either the Non-Club bebe or Club bebe Classes—that it obtained express written consent at its point-of-sale, let alone that the written consent complied with all of the requirements in the amended regulations. Moreover, Defendant has all but conceded that it failed to make the necessary written disclosures. Accordingly, on the record before the Court, written consent appears to be a non-issue.

Yet, to the extent any rebuttal evidence is necessary—and to the extent Defendant's evidence is admissible at trial over Plaintiffs' anticipated objection that Defendant failed to produce it during discovery—Plaintiffs may submit Class Member declarations showing that Defendant did not obtain the required written consent.[5]

**D.  Willfulness**

"[A TCPA] plaintiff 'need not prove that defendant had knowledge of the TCPA's provisions in order to establish that the defendant willfully or knowingly violated the TCPA[,]'" *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013) *reconsideration denied in part*, No. 09 C 5601, 2013 WL 4495221 (N.D. Ill. Aug. 21, 2013)

---

[5] And inasmuch as policy and procedure evidence is necessary to rebut Defendant's evidence, Plaintiff need only point to the same evidence Defendant is expected to rely on—its Club bebe Terms and Provisions—to show that the consent falls short of the requirements.

(finding that defendant's admission that he hired a vendor to send facsimiles on his behalf containing his commercial advertisement was sufficient to make his violation willful within the meaning of the TCPA).

### 1. Exhibits

- Air2Web Agreement;
- Customer complaints directed to Defendant;
- Customer complaints directed to Air2Web;
- Defendant's TCPA policies and procedures, including those regarding the handling of customer complaints;
- Formal governmental complaints against Defendant, if any;
- Communications between Defendant and Air2Web regarding customer complaints;
- Communications between Defendant and Air2Web regarding TCPA policies and procedures;
- Internal Bebe communications regarding customer complaints; and
- Internal Bebe communications regarding TCPA policies and procedures.

### 2. Witnesses

- Defendant's corporate representative(s) regarding customer complaints;
- Defendant's corporate representative(s) regarding TCPA policies and procedures;
- Defendant's corporate representative(s) regarding Air2Web;
- Mgage's representative(s) regarding customer complaints; and
- Mgage's corporate representative(s) regarding TCPA policies and procedures.

## E. TCPA Statutory Damages

The TCPA allows a plaintiff "to recover for actual monetary loss from such a violation [of 47 U.S.C. § 227(b)], or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. §

227(b)(3).

Plaintiffs and the Class do not intend to seek actual damages at trial. Once liability has been established, the Class will seek only statutory damages. Accordingly, Plaintiff submits that no damages issues need be tried.

At the conclusion of trial and/or summary resolution, if damages are awarded, Plaintiffs suggest that the Court appoint a Special Master who will be responsible for reviewing claims submitted and confirming that they are Class Members entitled to share in the recovery. *Cordoza v. Pacific States Steel Corp.*, 320 F.3d 989, 995 (9th Cir. 2003) ("[S]pecial masters may, subject to judicial review, be called upon to perform a broad range of judicial functions"); *Derdiarian v. Futterman Corp.*, 38 F.R.D. 178, 181 (S.D.N.Y. 1965) (appointing special master to direct the parties in the necessary ministerial steps to effectuate a settlement, including receiving all proof of eligibility of claims and passing on the validity of the same). *And cf. Hilao v. Estate of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996) (special master appointed to supervise taking of depositions of randomly-selected class members to determine distribution of compensatory damages award); *Wattleton v. Ladish Co.*, 520 F. Supp. 1329, 1350 (D.C. Wis. 1981) (the determination of the amount owing to each class member is an appropriate subject for reference to a master).

## III.  CONCLUSION

Plaintiffs submit that many of these issues—in particular, the written consent issue—are well-suited to summary resolution. If a jury trial is still necessary for any remaining factual issues, it should proceed using the common methods of proof suggested above.

//

//

//

//

//

//

//

| | |
|---|---|
| Dated:  September 19, 2016 | **STRATEGIC LEGAL PRACTICES, APC**<br><br>By:  /s/<br>        Payam Shahian<br><br>**MAZIE SLATER KATZ & FREEMAN, LLC**<br>    Matthew R. Mendelsohn<br><br>**ECOTECH LAW GROUP, P.C.**<br>    Dara Tabesh<br><br>*Attorneys for Plaintiff Melita Meyer* |
| Dated:  September 19, 2016 | **KEARNEY LITTLEFIELD, LLP**<br><br>**STONEBARGER LAW, APC**<br><br>By:  /s/<br>        Richard D. Lambert<br>        Prescott W. Littlefield<br><br>*Attorneys for Plaintiff Samantha Rodriguez* |