PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT (CA Bar No. 157759)
mark.elliott@pillsburylaw.com
AMY L. PIERCE (CA Bar No. 210539)
amy.pierce@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Defendant BEBE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MELITA MEYER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>BEBE STORES, INC.,<br><br>Defendant(s). | Case No.: 14-CV-00267-YGR<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BEBE STORES, INC.'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. RULE 12(E), (F)]**<br><br>Date:     January 10, 2017<br>Time:    2:00 P.M.<br>Dept.:    1, 4th Floor<br>Judge:   Hon. Yvonne Gonzalez Rogers |
| SAMANTHA RODRIGUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>BEBE STORES, INC.,<br><br>Defendant(s). | Case No.: 14-CV-01968-YGR |

Table of Contents

Page

I.   INTRODUCTION .................................................................................................................. 2

II.  STATEMENT OF FACTS .................................................................................................... 3

III. LEGAL STANDARDS .......................................................................................................... 4

    A.  Legal Standard for Motions to Strike Pursuant to Federal Rule of Civil Procedure 12(f) ........................................................................................ 4

    B.  Legal Standard for Motions for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) ........................................................ 5

IV.  ALLEGATIONS REGARDING MS. BARRETT SHOULD BE STRICKEN BECAUSE THE AMENDED COMPLAINT DOES NOT ESTABLISH THAT SHE IS A PROPER CLASS REPRESENTATIVE FOR THE POST-OCTOBER 16, 2013 CLUB BEBE CLASS, AS REQUIRED BY THE COURT'S ORDER .................................................................................................................. 5

V.   ALLEGATIONS REGARDING MS. BARRETT ARE TOO VAGUE AND AMBIGUOUS TO CONFIRM THAT SHE IS A PROPER CLASS REPRESENTATIVE FOR THE POST-OCTOBER 16, 2013 CLUB BEBE CLASS, AS REQUIRED BY THE COURT'S ORDER .......................................... 8

VI.  CONCLUSION ...................................................................................................................... 8

INTRODUCTION

On August 22, 2016, in its Order Granting in Part and Denying in Part Plaintiff's Motion for Class Certification, this Court certified a Post-October 16, 2013 clubbebe class ("Order") (Dkt. No. 106). The Order defines the "Post-October 16, 2013 Club Bebe Class" as follows:

> All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale <u>and</u> were sent an SMS or text message from bebe <u>during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period</u>.

<u>Id</u>. p. 9:1-4 (emphasis added). The Order further provided that Plaintiffs' counsel "must present an amended complaint within sixty (60) days of this Order joining a proper class representative for the Post-October 16, 2013 Club bebe class. Otherwise, the Court will decertify the same." <u>Id</u>. p. 9:5-9.

Although Plaintiffs filed their First Amended Consolidated Complaint on October 21 (the "Amended Complaint") (Dkt. No. 112), Plaintiff Courtney Barrett ("Ms. Barrett") does not meet the criteria set forth in the Court's definition of the Post-October 16, 2013 Club Bebe Class. The Amended Complaint contends that Ms. Barrett received a single confirmatory, opt-in text message ("Opt-in Text") on or about December 12, 2013, but it is silent as to when Ms. Barrett provided her mobile telephone number to bebe. Plaintiffs' failure to establish that Ms. Barrett provided her mobile telephone number to bebe "during the period of time beginning October 16, 2013 and continuing until the date the Class is certified" renders the Amended Complaint deficient. Plaintiffs declined to amend the complaint to confirm when Ms. Barrett provided her mobile telephone number.

Given that the Court's Order expressly and unambiguously directed class counsel to "join[] a proper class representative for the Post-October 16, 2013 Club bebe class" within 60 days or the Court would decertify this subclass (Dkt. 106, p. 9:5-9), the appropriate remedy is to strike the allegations about Ms. Barrett, the Post-October 16, 2013 Club Bebe Class and all relief sought on behalf of this sub-class. Although bebe includes herewith its

Motion for a More Definite Statement, upon information and belief, Plaintiffs cannot amend their complaint to truthfully allege that Ms. Barrett provided her mobile phone number to bebe on or after October 16, 2013, as required to be a proper a proper class representative for the Post-October 16, 2013 Club Bebe Class.

I.   STATEMENT OF FACTS

On August 22, 2016, this Court issued its Order on Plaintiffs' Motion for Class Certification after substantial briefing by the parties (Dkt. Nos. 83, 84, 86, 91, 103). See, generally, Dkt. No. 106. Plaintiffs moved to certify two nationwide subclasses:

**1. Post-January 16, 2010 ("Main Class")**

All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the POS and were sent an SMS or text message from bebe during the period of time beginning January 16, 2010, and continuing until the date the Class is certified.

**2. Post-October 16, 2013 ("Subclass")**

All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the POS and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified.

Id. p. 4:4-12. This Court granted in part and denied in part Plaintiffs' motion and, in fact, rejected Plaintiffs' proposed subclass definitions (id. p. 4:4-12) and, instead, provided its own definitions for two subclasses (id. pp. 18:23-19:4) as follows:

**1. Post-October 16, 2013 Non-Club Bebe Class**

All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were not members of Club bebe during the Class Period.

**2. Post-October 16, 2013 Club Bebe Class**

All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period.

Id. pp. 18:23-19:4. The Court's Order contemplates that Plaintiff Meyer will represent the

"Post-October 16, 2013 Non-Club Bebe Class;" Plaintiff Rodriguez does not represent a class. Id. p. 18:16-18. Otherwise, the Court's Order confirms that certification of the Post-October 16, 2013 Club Bebe Class "is conditioned on class counsel's ability to find a proper representative for the class, who meets the class definition." Id. p. 19:5-9. The Order expressly stated that class counsel were to present an amended complaint within 60 days or the Court would decertify the Post-October 16, 2013 Club Bebe Class. Id.

Plaintiffs filed their Amended Complaint adding Courtney Barrett as a plaintiff. The Amended Complaint is sparse with details regarding Ms. Barrett:

> 8. Plaintiff Courtney Barrett is currently a citizen and resident of the State of Georgia. However, at the time she signed up for Club Bebe and received the illegal text message she was a citizen and resident of the State of New Jersey. She is, and at all times mentioned herein was, a 'person' as defined by 47 U.S.C. § 153 (39).
>
> …
>
> THE CALLS TO PLAINTIFF COURTNEY BARRETT
>
> 37. On information and belief, on or about December 12, 2013, Defendant sent Plaintiff Barrett an unsolicited and un-consented to text message.
>
> 38. On information and belief, Plaintiff Barrett had signed up for Club Bebe prior to Defendant's sending of the December 12, 2013 text message.

The Amended Complaint is silent regarding when Ms. Barrett provided her mobile telephone number to bebe.

II.   LEGAL STANDARDS

   A.   <u>Legal Standard for Motions to Strike Pursuant to Federal Rule of Civil Procedure 12(f)</u>

Federal Rule of Civil Procedure 12(f) provides that a court may "[strike] from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). "[C]ourts often require 'a showing of prejudice by the moving party' before granting the

- 4 -    MEMO OF POINTS & AUTHORITIES ISO MOT TO STRIKE & MOT FOR A MORE DEFINITE STATEMENT
Case No. CV 14-00267-YGR

4825-0873-8620.v3

requested relief." Id. (citing Securities and Exchange Commission v. Sands, 902 F. Supp. 1149, 1166 (C.D.Cal.1995) (citations omitted)); see also Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 1382 (1990). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Id. (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir.1993) (court held that district court properly struck lengthy, stale and previously litigated factual allegations to streamline the action).

      B.    Legal Standard for Motions for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before filing a responsive pleading where the original pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are disfavored and rarely granted." Castaneda v. Burger King Corp., 597 F.Supp.2d 1035, 1045 (N.D. Cal. 2009) (citing Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999)). A plaintiff is required to "set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990).

III.    ALLEGATIONS REGARDING MS. BARRETT SHOULD BE STRICKEN BECAUSE THE AMENDED COMPLAINT DOES NOT ESTABLISH THAT SHE IS A PROPER CLASS REPRESENTATIVE FOR THE POST-OCTOBER 16, 2013 CLUB BEBE CLASS, AS REQUIRED BY THE COURT'S ORDER

bebe acknowledges that motions to strike and for a more definite statement are generally disfavored. bebe contends, however, that unique circumstances exist here because Plaintiffs amended their complaint to add a representative for the Post-October 16, 2013 Club Bebe class at the direction of this Court. See Dkt. No. 106, p. 19:4-9. The Court's direction to Class Counsel was specific: "Class counsel must present an amended complaint within sixty (60) days of this Order joining a proper class representative for the Post-October 16, 2013 Club bebe class." Id. p. 19:6-8. Thus, the Amended Complaint does not

1  stand alone and, in the interest of averting wasteful litigation, whether Plaintiffs have
2  established that Ms. Barrett is a proper class representative should be addressed now.
3        As required by the Court's Order, Plaintiffs' Amended Complaint fails to allege that
4  Ms. Barrett is "a proper representative for the class, who meets the class definition" for the
5  Post-October 16, 2013 Club Bebe Class. Id. p. 19:5-9. The Post-October 16, 2013 Club
6  Bebe Class includes material subparts:

> All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period.

10  Id. p. 19:1-4. When Ms. Barrett provided her mobile telephone number is material to the
11  Court's Order (id. p. 19:1-4) and, in turn, to the issue of whether bebe had the requisite
12  consent when the Opt-in Text was sent to Ms. Barrett (see, generally, In the Matter of Rules
13  and Regulations Implementing the Telephone Consumer Protection Act of 1991, Petitions
14  for Wavier and/or Retroactive Waiver of 47 C.F.R. Section 64.1200(a)(2) Regarding the
15  Commission's Prior Express Written Consent Requirement, CG Docket No. 02-278, Order
16  (October 14, 2016); In the Matter of Rules and Regulations Implementing the Telephone
17  Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling And Order,
18  ¶¶ 149-151 (July 10, 2015)).[1]
19        Plaintiffs' Amended Complaint is sparse with details regarding Ms. Barrett. Even if
20  she does not recall the precise date, Ms. Barrett should recall whether she provided her
21  mobile telephone number when she enrolled in clubbebe and, for that matter, whether it was
22  prior to October 16, 2013. Upon information and belief, Plaintiffs cannot amend their
23  complaint to truthfully allege that Ms. Barrett provided her mobile phone number on or
24  after October 16, 2013, as required for Ms. Barrett to be a proper class representative for
25  the Post-October 16, 2013 Club Bebe Class.

---

[1] See Request or Judicial Notice in Support of Bebe Stores, Inc.'s Motion to Strike and Motion for a More Definite Statement Pursuant to F.R.C.P. Rule 12(F) and F.R.C.P. 12(E), Ex. A.

1   If Ms. Barrett is not a proper representative for the Post-October 16, 2013 Club Bebe Class, the appropriate remedy is to strike the allegations about Ms. Barrett, the Post-October 16, 2013 Club Bebe Class, and all relief sought on behalf of this sub-class. Rule 12(f) would permit this Court to strike Plaintiff Barrett because, if she is not a proper representative, she has no "logical connection to the controversy at issue" and adding her at this date would be prejudicial to bebe if Plaintiffs intend that Ms. Barrett will represent a subclass that has not been certified by this Court. See Wright & Miller, § 1382; see also Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial....") (citing Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983)), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023 (1994).

This Court declined in its Order to certify Plaintiffs' proposed pre-October 16, 2013 "Main Class," defined, supra, Section II, because "the varied scripts and instructions provided to different stores at different times as demonstrated by bebe's evidence renders the question of consent not one that can be answered on a classwide basis because it would require an individual assessment of what each customer was told." Dkt. No. 106, p. 10:18-21. By providing such limited allegations about Ms. Barrett, Plaintiffs are trying to circumvent the Court's finding on this point and, otherwise, trying to avoid providing bebe with a basis to file a motion to dismiss challenging Ms. Barrett.

bebe believes that Plaintiffs intentionally failed to include allegations regarding when Ms. Barrett provided her mobile telephone number to bebe to frustrate bebe's efforts to challenge Ms. Barrett and the Amended Complaint. Resolution of this issue is material because, if the Post-October 16, 2013 Club Bebe Class is decertified, it will simplify these proceedings because, among other things, it will significantly narrow the issues in any motions for summary judgment and reduce the burden on the parties of providing class notice.

IV. **ALLEGATIONS REGARDING MS. BARRETT ARE TOO VAGUE AND AMBIGUOUS TO CONFIRM THAT SHE IS A PROPER CLASS REPRESENTATIVE FOR THE POST-OCTOBER 16, 2013 CLUB BEBE CLASS, AS REQUIRED BY THE COURT'S ORDER**

bebe acknowledges that motions for a more definite statement are also generally disfavored. As discussed, supra, Section III, bebe contends that unique circumstances exist here requiring an unusual approach to timely putting the issue of whether Ms. Barrett is a proper class representative before the Court for resolution. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). As discussed, supra, Section I, bebe cannot ascertain from the pleadings whether Ms. Barrett is "a proper representative for the class, who meets the class definition" for the Post-October 16, 2013 Club Bebe Class. Dkt. No. 106, p. 19:1-9.

By omitting any reference to when Ms. Barrett first provided her mobile telephone number to bebe, Plaintiffs have simply failed to establish that Ms. Barrett is a person "who provided [her] mobile telephone number to bebe in one of bebe's stores at the point-of-sale … during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period." Id. p. 19:1-4.

Upon information and belief, Plaintiffs cannot amend their complaint to provide a more definite statement confirming that Ms. Barrett first provided her mobile phone number to bebe on or after October 16, 2013. Thus, Plaintiff should be required to establish that it would not be futile to order Plaintiffs to provide a more definite statement regarding when Ms. Barrett first provided her mobile phone number to bebe before granting them leave to amend their Amended Complaint. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

V. **CONCLUSION**

For this Motion, Plaintiffs' Amended Complaint does not stand alone. This Court ordered Class Counsel to "present an amended complaint within sixty (60) days of this Order joining a proper class representative for the Post-October 16, 2013 Club bebe class"

or the Court would decertify this subclass. The Amended Complaint fails to establish that Ms. Barrett "is a proper class representative for the Post-October 16, 2013 Club Bebe Class" because it fails to identify when Ms. Barrett first provided her mobile telephone number to bebe, as required by this Court's definition for the Post-October 16, 2013 Club Bebe Class. For this reason, bebe submits that the proper remedy is for the Court to grant bebe's motion to strike, striking all of the allegations about Ms. Barrett, the Post-October 16, 2013 Club Bebe Class, and all relief sought on behalf of this sub-class.

Dated: November 28, 2016

PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT (CA Bar No. 157759)
AMY L. PIERCE (CA Bar No. 210539)

By:   /s/ Amy L. Pierce
      Amy L. Pierce

Attorneys for Defendant BEBE STORES, INC.