Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, California 90067
Telephone:    (310) 277-1040
Facsimile:     (310) 943-3838

Thomas A. Kearney (State Bar No. 90045)
tak@kearneylittlefield.com
Prescott W. Littlefield (State Bar No. 259049)
pwl@kearneylittlefield.com
**KEARNEY LITTLEFIELD LLP**
3436 N. Verdugo Rd., Ste. 230
Glendale, California 91208
Telephone  (213) 473-1900
Facsimile   (213) 473-1919

*Attorneys for Plaintiff Samantha Rodriguez*

*[Additional Attorneys on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MELITA MEYER, SAMANTHA RODRIGUEZ, and COURTNEY BARRETT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEBE STORES, INC.<br><br>Defendants. | Case No. 4:14-cv-00267-YGR<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF L.R. 6-3 MOTION TO EXTEND BRIEFING SCHEDULES ON DEFENDANT'S (1) MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT, (2) MOTION TO DECERTIFY BOTH SUBCLASSES, AND (3) MOTION RE OBJECTIONS TO PLAINTIFFS' PROPOSED TRIAL PLAN** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND RELEVANT PROCEDURAL HISTORY**

Defendant Bebe Stores, Inc. has been given an inch, but has taken a mile.

On August 22, 2016, the Court entered an order certifying a "Post-October 26, 2013 Non-Club Bebe Class" and a "Post-October 16, 2013 Club Bebe Class." (ECF/CM Doc. No. 106.) The order conditioned certification of the latter class on class counsel's ability to find a proper representative for that class, and, further, directed Plaintiffs to file a trial plan. (*Id.*) On September 19, 2016, Plaintiffs filed their Proposed Trial Plan. (*See* ECF/CM Doc. No. 108.) Then, on October 21, 2016, Plaintiffs filed a First Amended Consolidated Complaint, which named Courtney Barrett as a class representative for the Post-October 16, 2013 Club Bebe Class. (ECF/CM Doc. No. 112) Based on Defendant's representation that it planned to "challeng[e] Plaintiffs' amended complaint" "on the ground that [Plaintiff Barrett] is not a proper class representative for the Post-October 16, 2013 Club bebe class" (*see* ECF/CM Doc. No. 113 at ¶ 2), Plaintiff agreed to a briefing schedule that set November 28, 2016 as the deadline for the filing of the motions to challenge the adequacy of Plaintiff Barrett (*see* ECF/CM Doc. No. 114 [Nov. 15, 2016 order]). And file "motions" Defendant did.

On November 28, 2016, Defendant filed (1) a Motion to Strike and Motion for a More Definite Statement ("Motion to Strike") (ECF/CM Doc. No. 115); (2) a Motion to Decertify Both Subclasses ("Motion to Decertify") (ECF/CM Doc. No. 116); and (3) a self-styled "Motion re Bebe's Objections to Plaintiffs' Proposed Trial Plan" (ECF/CM Doc. No. 117) ("Trial Plan Objections") (collectively, '"motions'"). Further, on November 28, 2016, Defendant filed with the FCC a (4) "Petition for Expedited Declaratory Ruling Granting a Limited, Retroactive Waiver of Section 64.1200(A)(2) of the Federal Communication Commission's Rules" ("Petition") (*see* ECF/CM Doc. No. 115-3).

The oppositions to all three "motions" are due on December 12, 2016, and the replies are due on December 19, 2016. (*See* ECF/CM Doc. Nos. 115-117.)

Plaintiffs submit that, in light of (i) the sheer volume of "motions" simultaneously filed, (ii) the nature of the remedies sought by Defendant, including the striking of all allegations

relating to Plaintiff Barrett and the decertification of both of Plaintiffs' subclasses, and (iii) the proximity of the deadlines to the December 2016 holiday season, additional time beyond that afforded under the Local Rules will be necessary to brief the merits of the Motion to Strike, Motion to Decertify, and Trial Plan Objections.  Accordingly, Plaintiffs seek a short, two-week extension of the briefing schedules under Local Rules 6-3.[1]

**II.     PREVIOUS TIME MODIFICATIONS IN THIS CASE**

The Court has previously granted the following time modifications:

- a May 5, 2014 Order Granting as Modified Stipulation Extending Time to Respond to Complaint (ECF/CM Doc. No. 26);

- an August 4, 2014 Clerk's Notice Continuing Hearing on Defendant's Motion to Dismiss and OSC Hearing from August 12, 2014 to September 9, 2014 (ECF/CM Doc. No. 48);

- a February 5, 2015 Order Continuing Case Management Conference from February 9, 2015 to March 16, 2015 (ECF/CM Doc. No. 60);

- a November 4, 2015 Order Continuing Class Certification Motion Schedule (ECF/CM Doc. No. 81); and

- a September 28, 2016 Case Management Order continuing, pursuant to stipulation, a Case Management Conference from October 3, 2016 to December 12, 2016 (ECF/CM Doc. No. 111).

**III.    THE COURT SHOULD EXTEND THE BRIEFING SCHEDULES ON DEFENDANT'S THREE SIMULTANEOUSLY-FILED "MOTIONS" TO PREVENT UNDUE PREJUDICE TO PLAINTIFFS**

It is difficult to conceive of a reason for Defendant's simultaneous filing of three separate "motions"—one of which, the "Motion" re Trial Plan Objections, is not even properly considered a motion—and a petition with the FCC, other than that it would artificially burden

---

[1] As described in greater detail in the Declaration of Matthew Mendelsohn, Plaintiffs met and conferred with Defendant about this motion.  (*See* Mendelsohn Decl. ¶¶ 2-3, Ex. 1.)

1  Plaintiffs.  Such conduct is particularly troubling in light of Defendant's refusal to stipulate to a
2  short, two-week extension of the briefing schedule.
3        This conduct runs afoul of the Guidelines for Professional Conduct:
4  • "A lawyer should not serve papers … at a time or in a manner designed to
5     inconvenience an opponent."  Guidelines for Prof. Conduct, 5(c).
6  • "A lawyer should not serve documents, pleadings, or motions on the opposing party
7     or counsel at a time or in a way that would unfairly limit the other party's
8     opportunity to respond."  Guidelines for Prof. Conduct, 5(a).
9  • "A lawyer should agree to reasonable requests for extensions of time or continuances
10    without requiring motions or other formalities."  Guidelines for Prof. Conduct, 4(a).
11 • "Unless time is of the essence, a lawyer should agree as a matter of courtesy to first
12    requests for reasonable extensions of time, even if the requesting counsel previously
13    refused to grant an extension."  Guidelines for Prof. Conduct, 4(b).
14 • "A lawyer should be committed to the notion that the strategy of refusing reasonable
15    requests for extensions of time is inappropriate, and should advise clients of the
16    same."  Guidelines for Prof. Conduct, 4(d).
17       Were Defendant permitted to proceed with its "motions" as currently scheduled,
18 Plaintiffs would be faced with the daunting prospect of filing three separate oppositions—which
19 present a panoply of different legal and factual issues, many of which are completely unrelated
20 to Plaintiff Barrett's suitability as a class representative—on December 12, 2016.  And the
21 stakes are high.  Defendant seeks, among other things, to strike of all allegations relating to
22 Plaintiff Barrett and the decertification of both of Plaintiffs' subclasses.  Plaintiffs submit that
23 judicial economy would be served by allowing Plaintiffs more time to address the issues raised
24 in the "motions," so that they can be properly resolved on the merits.
25       Complicating matters further is Defendant's FCC petition, which Defendant filed at the
26 same time as its three "motions."  Defendant's Motion to Strike, Motion to Decertify, and Trial
27 Plan Objections all incorporate the 11-page Petition and its arguments by reference.  (*See*
28 ECF/CM Doc. No. 115-1 at 6:10-15; Doc. No. 116-1 at 4:22-5:18 and 11:14-23; Doc. No. 117-1

1  at 7:12-25.)  In other words, the Petition effectively serves as an addendum to the three
2  "motions."  Plaintiffs, therefore, must not only address the arguments in the various "motions,"
3  but those raised in the Petition as well.
4      A two-week extension would not noticeably affect the schedule of this case.  The expert
5  discovery cutoff is on March 1, 2017 and the deadline for dispositive and Daubert motion
6  hearings is April 4, 2017—far enough in the future that Defendant would not itself be
7  prejudiced by a short extension of the briefing schedule.

**IV.   CONCLUSION**

For the foregoing reasons, the Court should extend the briefing schedules on Defendant's Motion to Strike, Motion to Decertify, and Trial Plan Objections by two weeks.

Dated:  December 1, 2016                EcoTech Law Group, P.C.

                                        By:  /s/
                                             Dara Tabesh
                                             Attorneys for Plaintiffs Melita Meyer and
                                             Courtney Barrett