1  Payam Shahian (State Bar No. 228406)
   pshahian@slpattorney.com
2  **STRATEGIC LEGAL PRACTICES, APC**
   1840 Century Park East, Suite 430
3  Los Angeles, California 90067
   Telephone:    (310) 929-4900
4  Facsimile:     (310) 943-3838

5  *Attorneys for Plaintiff Melita Meyer*

6  Thomas A. Kearney (State Bar No. 90045)
   tak@kearneylittlefield.com
7  Prescott W. Littlefield (State Bar No. 259049)
   pwl@kearneylittlefield.com
8  **KEARNEY LITTLEFIELD LLP**
   3436 N. Verdugo Rd., Ste. 230
9  Glendale, California 91208
   Telephone  (213) 473-1900
10 Facsimile   (213) 473-1919

11 *Attorneys for Plaintiff Samantha Rodriguez*

12 *[Additional Attorneys on Signature Page]*

13

14                    **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

16

17 MELITA MEYER, an individual, on behalf of    Case No. 4:14-cv-00267-YGR
   herself and all others similarly situated,

18                                             **JOINT CASE**
                     Plaintiff,               **MANAGEMENT STATEMENT**
19
               v.
20                                             Date:   December 12, 2016
   BEBE STORES, INC.                           Time:  2:00 p.m.
21                                             Dept.   1, 4th Floor
                     Defendants.               Judge: Hon. Yvonne Gonzales Rogers
22

23 SAMANTHA RODRIGUEZ, individually,           Case No.: 4:14-cv-01968-YGR
   and on behalf of all others similarly situated,

24
                     Plaintiff,
25            v.

26 BEBE STORES, INC.;

27                   Defendant.

28

                                               Joint Case Management Statement
                                               Case No. 4:14-cv-00267-YGR

Pursuant to this Court's Order dated September 28, 2016 (Dkt. No. 111) and the Local Rules, Plaintiffs Melita Meyer ("Meyer"), Samantha Rodriguez ("Rodriguez") and Courtney Barrett ("Barrett") (collectively, the "Plaintiffs") and Defendant bebe stores, inc., ("Defendant") by and through their respective counsel of record, jointly submit the following Joint Case Management Statement.  Plaintiffs and bebe are collectively, the "Parties."  The Parties met and conferred regarding the items required under these rules, and this Joint Case Management Statement is submitted based thereon.

**1.     Jurisdiction and Service** -- This Court has federal question jurisdiction because this case arises out of a violation of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  No issues exist regarding personal jurisdiction or venue.  Defendant has been served Plaintiffs' First Amended Consolidated Complaint For Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. (Dkt. No. 112) (the "Amended Compliant") and bebe filed its Motion to Strike and Motion For a More Definite Statement (Dkt. No. 118) on November 28, 2016, which is scheduled for hearing on January 10, 2017 at 2:00 p.m.  Plaintiffs do not intend to add any Defendants to this case.

**2.     Facts** -- Plaintiffs allege that Defendant sent unsolicited and un-consented to text messages on cellular telephones in violation of the Federal Telephone Consumer Protection Act (the "TCPA").  Defendant denies that Plaintiffs did not provide the requisite consent, that the opt-in text messages were sent via an automated telephone dialing system ("ATDS") or are a call under the TCPA and, otherwise, that it violated the TCPA.

On August 22, 2016, the Court has certified the following Class:

**1. Post-October 16, 2013 Non-Club Bebe Class**
All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were not members of Club bebe during the Class Period.

Docket No. 106.  In addition, the Court conditionally certified the following subclass:

**2. Post-October 16, 2013 Club Bebe Class**
All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text

message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period.

*Id.*  The condition upon which the Club Bebe Class was certified is that Plaintiffs join a proper class representative and present an amended complaint within 60 days of the Court's Order, which was October 21.[1]

On September 19, Plaintiffs' filed their Proposed Trial Plan (Dkt. No. 108).

On October 21, Plaintiffs filed their Amended Compliant (Dkt. No. 112) adding Barrett as the proposed proper representative for the Post-October 16, 2013 Club Bebe Class.

On October 28, the Parties met and conferred about Plaintiffs' Amended Compliant and, more particular, about whether Barrett is a proper representative for the Post-October 16, 2013 Club Bebe Class. bebe's internal investigation confirms that Barrett first provided her mobile telephone number to bebe on October 29, 2010. Plaintiffs deny that this fact is material. In contrast, bebe contends that Barrett, for this reason and potentially others, is not a proper representative for the Post-October 16, 2013 Club Bebe Class.  The Parties agreed to disagree about whether Barrett is a proper representative for this subclass and otherwise agreed to work together on a briefing schedule for bebe's motion(s) challenging the Amended Complaint and Barrett that was fair to both Parties given the upcoming holidays.

On November 10, the Parties filed their Joint Statement for Compliance Hearing that, among other things, proposed the briefing schedule for bebe's motion(s) (i.e., (A) Motion(s) due November 28; (B) Opposition(s) due December 12; (C) Reply due December 19; and (D) Hearing on a date to be set by the Court (at least 35 days after motion filed)) (Dkt. No. 113, ¶ 2).

On November 15, the Court issued its Order Vacating Compliance; Setting Motion Filing Date, confirming, among other things, that bebe's motions were due on November 28 (Dkt. No. 114).

---

[1] Although there are two classes, for simplicity sake this statement will refer to them singularly as "the Class" unless otherwise indicated.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:14-CV-00267-YGR

On November 28, bebe filed its Motion to Strike and Motion for a More Definite Statement (Dkt. No. 115), Motion to Decertify Both Subclasses (Dkt. No. 116) and Motion re bebe's Objections to Plaintiffs' Proposed Trial Plan (Dkt. No. 117).

On November 30, Plaintiffs' counsel requested that bebe stipulate to a modified briefing schedule for Plaintiffs' opposition to bebe's motions and bebe's reply briefs in support of its motions. When bebe declined to agree to Plaintiffs' mid-briefing proposed change, Plaintiffs confirmed that they would file an ex parte application seeking an order from the Court modifying the briefing schedule.  Shortly after 10:00 p.m. PST on December 1, Plaintiffs filed their Motion to Extend Briefing Schedules on Defendant's (1) Motion to Strike and Motion For a More Definite Statement, (2) Motion to Decertify Both Subclasses, and (3) Motion re Objections to Plaintiffs' Proposed Trial Plan (Dkt. No. 118).

Shortly after 10:00 a.m. on December 5, bebe filed its Opposition to Plaintiffs' Motion to Extend Briefing Schedule (Dkt. No. 119).

**3.      Legal Issues** – With Rule 23 certification having been decided, the following legal issues remain to be litigated regarding the merits of the case:  Whether Barrett is a proper representative for the Post-October 16, 2013 Club Bebe Class; Whether the Class can be ascertained from the evidence ultimately available in this case; Whether Rodriguez and/or the Class consented to receive Defendant's opt-in text message; Whether Defendant used an ATDS to send the text messages, as that term is defined in the TCPA; Whether Defendant's text message is a call, as contemplated by the TCPA; and Whether the sending of the messages was intentional or negligent; and the amount of statutory damages to be awarded under 47 U.S.C. section 227, if any.

**4.      Motions** – The Parties believe it is likely that many, if not all, issues remaining in this matter may be resolved by respective motions for summary judgment.

**5.      Amendment of Pleadings** – Plaintiffs filed their Amended Compliant (Dkt. No. 112) on October 21.  On November 28, bebe filed its Motion to Strike and Motion for a More Definite Statement (Dkt. No. 115) and Motion to Decertify Both Subclasses (Dkt. No. 116). bebe's motions are currently scheduled to be hear on January 10, 2017 at 2:00 p.m.  As noted

1  *supra*, Section 2, Plaintiffs filed their Motion to Extend Briefing Schedules on Defendant's (1)

2  Motion to Strike and Motion For a More Definite Statement, (2) Motion to Decertify Both

3  Subclasses, and (3) Motion re Objections to Plaintiffs' Proposed Trial Plan (Dkt. No. 118).

4  Plaintiffs' proposed order for this motion seeks to move the hearing for bebe's motions from

5  January 10 to January 24.

6      **6.      Evidence Preservation** -- The Parties represent that they have taken appropriate

7  steps to ensure the preservation of evidence related to the subject matter of these actions that is in

8  their custody or under their control.

9      **7.      Disclosures Under Fed. R. Civ. P. 26** – Disclosures have been made by all

10  Parties.

11      **8.      Discovery** -- At this point, Plaintiffs believe only minimal discovery needs to be

12  taken from Defendant.  However, with regard to the Class list and the issue of the use of an

13  ATDS, Plaintiffs currently believe that they will not be able to obtain satisfactory information

14  from mGage, LLC ("mGage") (the successor to Defendant's text messaging vendor, Air2Web,

15  Inc. ("Air2Web"), the vendor that sent the text messages at issue in this case), due to mGage's

16  destruction/misplacement of the necessary information.  Counsel for Plaintiffs are working on

17  developing other means of re-constructing the class list as well as looking into the data available

18  with regard to the ATDS issue.

19      **9.      Class Action Matters** – The Court issued its order certifying two subclass (Dkt.

20  No. 106).   The Court's certification of the Post-October 16, 2013 Club Bebe Class was

21  conditioned on class counsel's ability to find a proper representative for this subclass, who meets

22  the class definition.  Class counsel were required to present an amended complaint by October 21

23  joining a proper class representative for the Post-October 16, 2013 Club Bebe Class. Otherwise,

24  the Court confirmed that it will decertify this subclass.  As discussed, *supra*, Section 2, the

25  Parties dispute whether Barrett is a proper representative for the Post-October 16, 2013 Club

26  Bebe Class and motions are pending before the Court.

27      **10.     Related Cases** –Rodriguez's case was related to the Meyer's case and Plaintiffs

28  filed a consolidated complaint on June 15, 2015 (Docket No. 77).  Following the Court's order

-4-

on the Plaintiffs' motion for class certification, Rodriguez is not a representative of either of the two sub-classes in this action. Otherwise, there are no related cases.

**11.**     **Relief** -- Plaintiffs seek statutory damages of five hundred dollars ($500) per violation of 27 U.S.C. section 227, pursuant to 27 U.S.C. § 227(b)(3)(B).  Plaintiffs also request that if the Court finds that Defendant willfully or knowingly violated 27 U.S.C. section 227, that the Court treble the statutory damages pursuant to 27 U.S.C. § 227(b)(3).

**12.**     **Settlement and ADR** – The Parties have discussed the possibility of engaging in private mediation, but no date has yet been selected.  The Parties intend to further discuss mediation after the Court rules on bebe's pending motions.

**13.**     **Consent to Magistrate** – No party has filed a declination to proceed before a Magistrate Judge for all purposes.

**14.**     **Other References** -- The Parties agree the matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**     **Narrowing of Issues** – It is likely that the Parties will be filing cross motions for summary judgment.  The Parties believe that it may be possible to file the motions based on a set of stipulated facts or with a single separate statement of undisputed facts upon which all Parties can rely.  The Parties have agreed to work together to assess the facts in this matter to determine whether or not there will be disputes of fact, or if they will be able to submit a joint statement of facts.   One of the motions recently filed by bebe (Dkt. No. 117) requests the Court order Plaintiffs' to revise their Proposed Trial Plan (Dkt. No. 108) given recent developments relating to mGage (Dkt. No. 109, ¶8).  Plaintiffs' opposition to bebe's motion currently is due on December 12.  However, as discussed, _supra_, Section 2, Plaintiffs' have asked the Court to modify the briefing schedule.

**16.**     **Expedited Schedule** -- The Parties agree the matter does not currently lend itself to an expedited schedule.

**17.**     **Scheduling** – On September 28, the Court approved the following schedule (Dkt. No. 111):

| Disclosure of Experts (Retained/Non-Retained): | Opening: February 1, 2017 |
| | Rebuttal: February 15, 2017 |

| Expert Discovery Cutoff: | March 1, 2017 |

| Dispositive and *Daubert* Motions To Be Heard By: | April 4, 2017 |

This should allow enough time for Plaintiffs analyze this information developed regarding text messages sent and class membership, and hopefully the Parties can come to an agreement on the facts for the summary judgment.

Because of the third party discovery, and with the intervening holiday schedule that often makes obtaining information from a third party or conducting third-party depositions difficult, if necessary, the Parties request approximately six (6) months to gather all necessary facts, conduct the necessary meet and confer to agree on facts, and prepare and file their cross motions for summary judgment.

Because the remaining schedule for this matter depends in large part on the Court's ruling on the summary judgment motions, including whether or not there are any remaining issues to be tried, the Parties request that the Court schedule a further case management conference for two weeks after the Court issues its ruling on the summary judgment motions.  At that conference, the Parties will be prepared to address the timing of any trial.

**18.    Trial** -- Plaintiffs have demanded a trial by jury.  Not knowing what issues will remain for a trial, if any, Plaintiffs are unable to provide an estimate of trial length at this time, but will be prepared to propose a timeline after summary judgment has been ruled on.

**19.    Disclosure of Non-party Interested Entities or Persons Under Local Rule 3-16** -- Defendant has filed the required certification.

**20.    Professional Conduct** – All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Issues** – Given the motions filed by bebe, the parties believe that the current December 12, 2016 case management conference should be adjourned.  The Parties

-6-

1 | request that the Court schedule a further case management conference for two weeks after the

2 | Court issues its ruling on the summary judgment motions.

3

4

5 | Dated:  December 5, 2016                  **STRATEGIC LEGAL PRACTICES, APC**

6 |                                                           By*:    /s/ Payam Shahian*

7 |                                                                   Payam Shahian

8 |                                                           **MAZIE SLATER KATZ & FREEMAN, LLC**
                                                              Matthew R. Mendelsohn

9 |                                                           **ECOTECH LAW GROUP, P.C.**
10 |                                                             Dara Tabesh

11 |                                                          *Attorneys for Plaintiff Melita Meyer and the
                                                             Class*

12

13 | Dated: December 5, 2016                    KEARNEY LITTLEFIELD, LLP
                                                STONEBARGER LAW, APC

14

15 |                                             By:   */s/ Prescott W. Littlefield*
                                                      Prescott W. Littlefield

16 |                                             *Attorneys for Plaintiff Rodriguez and the Class*

17

18 | Dated: December 5, 2016                     PILLSBURY WINTHROP SHAW PITTMAN,
     LLP

19

20 |                                             By:   */s/ Amy L. Pierce*
                                                      Mark E. Elliott

21 |                                                   Amy L. Pierce

22 |                                             *Attorneys for Defendant bebe stores, inc.*

23

24

25

26

27

28

-7-

I, Amy L. Pierce, hereby attest that pursuant to LR 5-1(i) I have on file concurrence for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

/s/ Amy L. Pierce
Amy L. Pierce

-8-