1

2

3

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| MELITA MEYER, SAMANTHA RODRIGUEZ, and COURTNEY BARRETT, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BEBE STORES, INC.;<br><br>        Defendant. | Case No.: 4:14-cv-00267-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       Nov. 28, 2017<br>Time:      2:00 p.m.<br>Location:  Dept. 1, 4th Floor |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On November 28, 2017, this Court heard Plaintiffs Melita Meyer, Samantha Rodriguez, and Courtney Barrett's Motion for Final Approval of Class Action Settlement. This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"), attached hereto as Exhibit 1;[1] and (b) counsels' arguments. Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1.      Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it.  The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Defendant bebe Stores, Inc. ("bebe") in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the absence of objectors to the Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

2.      The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Defendant bebe's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by the experienced mediator Hon. Fred K. Morrison (ret.) of JAMS.

3.      The Settlement Agreement provides substantial and adequate value to the Class in the form of Settlement Payments.

4.      Defendant bebe provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1   Procedure.  The notice: (i) fully and accurately informed Class Members about the lawsuit and

2   settlement; (ii) provided sufficient information so that Class Members were able to decide

3   whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the

4   proposed settlement; (iii) provided procedures for Class Members to file written objections to

5   the proposed settlement, to appear at the hearing, and to state objections to the

6   proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

7        **5.**     The Parties adequately performed their obligations under the Settlement

8   Agreement.

9        **6.**     For the reasons stated in the Preliminary Approval of Class Settlement and

10  Provisional Class Certification Order, and having found nothing in any submitted objections that

11  would disturb these previous findings, this Court finds and determines that the proposed Class,

12  as defined below, meet all of the legal requirements for class certification for settlement

13  purposes only under Federal Rule of Civil Procedure 23 (a) and (b)(3).

14       **7.**     An award of $283,000 in attorneys' fees and costs to Class Counsel is fair and

15  reasonable in light of the nature of this case, Class Counsel's experience, its efforts in

16  prosecuting this Action, and the benefits obtained for the Class.

17       **8.**     Incentive awards to Plaintiff Melita Meyer of $2,000, and to Plaintiff Courtney

18  Barrett of $1,000, are fair and reasonable in light of: (a) Plaintiffs' risks (including financial,

19  professional, and emotional) in participating in this action as Class Representatives; (b) the time

20  and effort spent by Plaintiffs in litigating this

21  action as the Class Representatives; and (c) Plaintiffs' public interest service.

22  **IT IS ORDERED THAT:**

23       **1.**     **Class Members**. The Class Members are defined as:

24       All persons in the United States who provided their mobile telephone number to

25       bebe in one of bebe's stores at the point-of-sale between October 16, 2013 and

26       January 21, 2014 and received an SMS or text message from bebe before January

27       22, 2014. For purposes of this Settlement, Rodriguez is also part of the Class and

28

a Class Member. Excluded from the Class are bebe's Counsel, officers, directors, employees and agents.

**2.    Binding Effect of Order**. This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Order Granting Preliminary Approval of Class Action Settlement (Docket No. 158).  No Class Member filed a timely and valid Request for Exclusion.

**3.    Release**. Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged bebe from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 4.4 and 4.5 of the Settlement Agreement and are specifically incorporated herein by this reference.

**4.    Class Relief**. bebe, through the Claims Administrator, will make Settlement Payments to each Class Member who submitted a valid and timely Claim Form (*i.e*., each Authorized Claimant) according to his or her election on the Claim Form pursuant to the timeline stated in Section 3.11 of the Settlement Agreement.

**5.    Attorneys' Fees and Costs**. Class Counsel is awarded $283,000 in fees and costs.  Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

**6.    Incentive Awards**. Plaintiff Melita Meyer is awarded $2,000 as an incentive award. Plaintiff Courtney Barrett is awarded $1,000 as an incentive award. Payment shall be made pursuant to the timeline stated in Section 2.2 of the Settlement Agreement.

**7.    Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

DATED: December 6, 2017

Hon. Yvonne Gonzalez Rogers

U.S. DISTRICT COURT JUDGE

**EXHIBIT 1**

Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*") is entered into by and between Plaintiffs Melita Meyer, Samantha Rodriguez and Courtney Barrett, individually, and Plaintiffs Melita Meyer and Courtney Barrett, in a representative capacity on behalf of all others similarly situated (individually, "*Meyer*," "*Rodriguez*" and "*Barrett*" and, collectively, "*Plaintiffs*"), on the one hand, and Defendant bebe stores, inc. ("*bebe*"), on the other (collectively referred to as the "*Parties*").

### RECITALS

**A.**     On January 16, 2014, Meyer filed a Complaint in the U.S. District Court for the Northern District of California ("*Court*") that asserts claims for alleged violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("*TCPA*"), and seeks statutory damages (the "*Meyer Complaint*").

**B.**     On April 29, 2014, Rodriguez filed a Complaint in the same Court that asserts claims for alleged violations of the TCPA and seeks statutory damages (the "*Rodriguez Complaint*").

**C.**     On June 16, 2014, bebe filed a Motion to Dismiss the *Meyer* Complaint.

**D.**     On February 2, 2015, the Court issued an order denying bebe's Motion to Dismiss.

**E.**     On June 15, 2015, Meyer and Rodriguez filed a consolidated complaint that asserts their collective claims for alleged violations of the TCPA and seeks statutory damages ("*Consolidated Complaint*").

**F.**     On July 6, 2015, bebe answered the Consolidated Complaint.  In its Answer, bebe denied the Complaint's allegations, denied that Plaintiffs and the putative class members have been damaged in any sum whatsoever, denied that Plaintiffs and the putative class members are entitled to the relief requested or any other relief, and asserted several affirmative defenses.

**G.**     On February 3, 2016, Meyer and Rodriguez filed a Motion for Class Certification. bebe opposed the Motion for Class Certification.

**H.**     On August 22, 2016, the Court issued its Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification, certifying two subclasses:

### 1. Post-October 16, 2013 Non-Club Bebe Class

All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent

1

an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were not members of Club bebe during the Class Period.

**2. Post-October 16, 2013 Club Bebe Class**

All persons within the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale and were sent an SMS or text message from bebe during the period of time beginning October 16, 2013 and continuing until the date the Class is certified, who were members of Club bebe during the Class Period.

The Court's certification of the latter subclass was conditioned upon Meyer's and Rodriguez's attorneys' ("***Class Counsel***") ability to find a proper representative for the subclass; Meyer represents the Post-October 16, 2013 Non-Club Bebe Class but Rodriguez represents only herself. Collectively, the Post-October 16, 2013 Non-Club Bebe Class, Post-October 16, 2013 Club Bebe Class, and Rodriguez are the "***Class***."

**I.**     On October 21, 2016, Plaintiffs filed their First Amended Consolidated Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("*Operative Complaint*"), adding Barrett as the representative for the Post-October 16, 2013 Club Bebe Class.

**J.**     On November 18, 2016, bebe filed a Petition for Expedited Declaratory Ruling Granting a Limited, Retroactive Waiver of Section 64.1200(A)(2) of the Federal Communications Commission's Rules. On January 6, 2017, Plaintiffs filed an Opposition to bebe stores, inc's Petition. On January 23, 2017, bebe filed its Reply Comments of bebe stores, inc. bebe's Petition remains pending.

**K.**     On November 28, 2016, bebe filed a Motion to Strike and Motion for More Definite Statement, Motion to Decertify Both Subclasses, and Objections to Plaintiffs' Proposed Trial Plan, challenging, among other things, Plaintiff Barrett being added to the Operative Complaint.

**L.**     On February 10, 2017, the Court issued its Order Denying Bebe's Motion to Strike or For More Definite Statement; Denying Motion To Decertify, and declined to rule on bebe's Objections to Plaintiffs' Proposed Trial Plan.

**M.**     bebe has provided publicly available information to Plaintiffs regarding its significant financial issues, which have resulted in the imminent closing of all physical stores and the planned termination of the vast majority of employees.  bebe's future remains uncertain.

**N.**     On April 7, 2017, the Parties participated in a full day mediation session in San Francisco, California before Hon. Fred K. Morrison (Ret.) of JAMS, resulting in the Parties reaching a settlement of the claims set forth in the Operative Complaint on the

2

terms set forth in this Settlement Agreement.  bebe's financial condition was a substantial factor in the resolution of this matter.

      **O.**    The Parties have engaged in significant motion practice and bebe's FCC Petition remains pending. As part of these litigation efforts, the Parties have conducted an extensive investigation of the facts and relevant legal issues in regard to the claims asserted in the Operative Complaint and bebe's related defenses.  Otherwise, the Parties conducted formal and informal discovery, including but not limited to propounding and responding to Requests for Production and Interrogatories, and Plaintiffs deposing bebe's persons most knowledgeable.  bebe contends that the  absence of bebe's vendor Air2Web, Inc. ("*Air2Web*") from the Action has had a significant impact on the Action because no discovery was obtained from Air2Web, Inc. or its successor mGage LLC ("*mGage*").  Plaintiffs propounded subpoenas on mGage but no documents or other information were recovered by mGage for production to Plaintiffs.

      **P.**    Plaintiffs and Class Counsel believe that the claims asserted in the Operative Complaint have merit. bebe has denied and continues to deny any and all allegations of wrongdoing in the Operative Complaint or asserted in the Action, and bebe believes the claims asserted by Plaintiff are without merit and otherwise that Plaintiffs cannot prove their case because of the absence of Air2Web and evidence exclusively in Air2Web's possession. Based upon the facts of this case, the Parties have concluded that continued litigation could be protracted and expensive and that it is desirable that the claims set forth in the Operative Complaint be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to limit further expense, inconvenience, and uncertainty that the Parties face.  The Parties also have considered the uncertainties in this Action, weighing the benefits to be obtained under the proposed Settlement Agreement compared to the costs, risks, and delays associated with the continued prosecution of this complex and time consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or bebe.

      **Q.**    It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and to settle and dispose of fully, completely and forever any and all claims and causes of action in the Action.

**AGREEMENT**

      **NOW, THEREFORE**, in consideration of the covenants and agreements set forth herein, Plaintiffs, the Class, and bebe agree to settle the claims set forth in the Operative Complaint, subject to Court approval, under the following terms and conditions.

**1.**    **DEFINITIONS.**  In addition to the definitions included in the Recitals above, and in later sections of the Settlement Agreement, the following shall be defined terms for purposes of this Settlement Agreement and for pleadings that incorporate by reference this Settlement Agreement.  Some of the definitions in this section use terms that are

3

defined above and later in the Settlement Agreement.  All defined terms are capitalized and listed in alphabetical order:

**1.1**     As used herein, the term "***Action***" means the Operative Complaint filed by Plaintiffs in the United States District Court for the Northern District of California, Case No. 14-cv-00267-YGR, naming bebe as the defendant; and, includes the related action filed by Rodriguez in the United States District Court for the Northern District of California, Case No. 14-CV-01968-YGR, naming bebe as the defendant.

**1.2**     As used herein, the term "***Authorized Claimant***" means any Class Member who timely submits a valid and complete Claim Form and does not validly and timely request exclusion from the Settlement.

**1.3**     As used herein, the term "***Claim***" means a request made by a Class Member in order to receive a Settlement Payment pursuant to the procedures stated below in Section 2.1.

**1.4**     As used herein, the term "***Claim Form***" means the form a Class Member must validly complete and timely submit to receive a Settlement Payment under this Settlement Agreement.  The Claim Form must be substantially similar to the form attached as **Exhibit A.**

**1.5**     As used herein, the term "***Claimant***" means any Class Member who submits a Claim Form under this Agreement.

**1.6**     As used herein, the term "***Claims Administrator***" means a third-party engaged by bebe to administer the Notice, Claims, and a Settlement Payment distribution process provided for in the Settlement Agreement. The Claims Administrator will be responsible for all matters relating to Claims administration consistent with the terms of this Settlement Agreement. The Claims Administrator will provide periodic updates on the Claims status to counsel for all Parties. The Claims Administrator will maintain records of the amounts spent on the administration of the Settlement Agreement and will provide such information to all parties on a periodic basis.

**1.7**  As used herein, the terms "***Class***" and "***Class Members***" mean all persons in the United States who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale between October 16, 2013 and January 21, 2014 and received an SMS or text message from bebe before January 22, 2014. For purposes of this Settlement, Rodriguez is also part of the Class and a Class Member. Excluded from the Class are bebe's Counsel, officers, directors, employees and agents.

**1.8**     As used herein, the term "***Defendant***" means bebe stores, inc.

**1.9**     As used herein, the terms "***Defendant's Counsel***" and "***bebe's Counsel***" means the law firm Pillsbury Winthrop Shaw Pittman LLP.

1.10    As used herein, the term "***Email Notice***" means the legal notice summarizing the proposed Settlement Agreement terms, as approved by Plaintiffs' Counsel, bebe's Counsel, and the Court, to be provided to Class Members under Section 3.3(b) of this Settlement Agreement via electronic mail.  The Email Notice must be substantially similar to the form attached as **Exhibit B**.

1.11    As used herein, the term "***Fairness Hearing***" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action, as contained in this Settlement Agreement, should be approved as fair, reasonable, and adequate, and whether the Final Order approving the Settlement contained in this Settlement Agreement should be entered.

1.12    As used herein, the terms "***Final Order***" or "***Order Granting Final Approval of Class Settlement and Entering Judgment***" mean the Court order granting final approval of the Settlement of this Action following the Fairness Hearing.  The Final Order will have the effect of a judgment under Fed. R. Civ. P. 54.  The Final Order must be substantially similar to the form attached as **Exhibit C**.

1.13    As used herein, the term "***Final Settlement Date***" means two Court days after the Final Judgment become "final."  For the purposes of this paragraph, "**final**" means after (a) thirty-one (31) calendar days after the entry of the Final Order, if no timely motions for reconsideration, appeal, or other effort to obtain review have been filed; or (b) in the event that a motion for reconsideration, appeal, or other effort to obtain review has been initiated, the date after any and all such motions, appeals or other efforts to obtain review have been finally concluded in favor of the Final Order, any mandates have issued and jurisdiction has been returned to the Court, and the Final Order is no longer subject to review, whether by motions, appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

1.14    As used herein, the term "***Full Notice***" means the full legal notice of the proposed Settlement terms, as approved by Plaintiff's Counsel, bebe's counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement. The Full Notice must be substantially similar to the form attached as **Exhibit D**.

1.15    As used herein, the term "***Named Plaintiffs***" means Plaintiffs Melita Meyer, Samantha Rodriguez and Courtney Barrett in their individual capacities only.

1.16    As used herein, the terms "***Plaintiff's Counsel***" and "***Class Counsel***" mean the law firms of Strategic Legal Practices, APC, Mazie Slater Katz & Freeman, LLC, Kearney Littlefield LLP, and Ecotech Law Group, P.C.

1.17    As used herein, the terms "***Preliminary Approval of Class Settlement Order***" or "***Order Granting Preliminary Approval of Class Settlement***" mean the order provisionally certifying the Class for settlement purposes only, approving and directing

the provision of Notice to the Class Members, and setting the Fairness Hearing. This order must be substantially similar to the form attached as **Exhibit E**.

**1.18**    As used herein, the term "***Publication Notice***" means a legal notice directing Class Members to the Settlement Website, as approved by Plaintiff's Counsel, bebe's Counsel, and the Court, to be made available to Class Members under Section 3.3 of this Settlement Agreement via the Internet. The Publication Notice must be substantially similar to the form attached as **Exhibit F.**

**1.19**    As used herein, the term "***Response Deadline***" means the deadline by which Class Members must deliver a valid and complete Claim Forms, request exclusion from the Class, and/or make an objection(s) under this Settlement Agreement. The Response Deadline shall be ninety (90) calendar days after entry of the Preliminary Approval of Class Settlement Order.

**1.20**    As used herein, the term "***Settlement***" means the Settlement of this Action effectuated by this Settlement Agreement.

**1.21**    As used herein, the term "***Settlement Payment***" means a one-time payment of Twenty U.S. Dollars and 00/100 ($20) made payable to the Authorized Claimant. No interest shall be paid on the Settlement Payment. The terms and conditions of the Settlement Payment are described more fully in Section 2.1(a) of this Settlement Agreement.

**1.22**    As used herein, the term "***Settlement Website***" means the website that will be created for settlement administration purposes and administered by the Claims Administrator.

**2.    SETTLEMENT TERMS.**

**2.1**    **Award to the Settlement Class.** Each Authorized Claimant is entitled to a Settlement Payment. To be entitled to receive a Settlement Payment, a Class Member must timely submit a valid and complete Claim Form. The manner for submitting a timely, valid, and complete Claim Form is specified below in Section 3.6. A Class Member who submits an untimely, incomplete or invalid Claim Forms is not entitled to receive a Settlement Payment.

> **(a)    Settlement Payment Terms and Conditions**. A Class Member who timely submits a valid and complete Claim Form and elects to receive a Settlement Payment will receive a check in the amount of Twenty U.S. Dollars and 00/100 ($20) made payable to the Authorized Claimant. Authorized Claimants who receive a Settlement Payment will have ninety (90) calendar days from the date the Settlement Payment is first issued within which to negotiate the check. Any Settlement Payment that is not negotiated within the ninety (90) calendar day period will expire. bebe will have no obligation to reissue a

Settlement Payment that is not cashed or that is returned to it as undeliverable, or to escheat any funds to any state for any uncashed or returned Settlement Payment.

**2.2    Incentive Award to Named Plaintiffs.**  bebe agrees not to oppose Named Plaintiffs' application for an incentive award for Meyer in the amount of Two Thousand and 00/100 U.S. Dollars ($2,000) and for Barrett in the amount of One Thousand and 00/100 U.S. Dollars ($1,000) (collectively the "***Incentive Award***"); bebe has agreed to waive its right to seek recovery of its costs against Rodriguez. bebe agrees to pay the Incentive Award subject to Court approval.  Named Plaintiffs will not seek an amount greater than the amounts set forth in this paragraph.  Plaintiffs' Incentive Award is to be paid separate and apart from the award to the Class and Plaintiffs may not submit a Claim Form for a Settlement Payment.  If the Court approves the Settlement of this Action and the Incentive Award to Named Plaintiffs, bebe agrees to pay the Incentive Award approved by the Court up to Three Thousand Dollars ($3,000) to Named Plaintiffs, as set forth above, within ten (10) Court days after both of the following events occur (a) the Final Settlement Date and (b) Meyer and Barrett provide bebe with their complete Form W-9.  No interest shall be paid on the Incentive Award.

**2.3    Attorneys' Fees and Costs.**  bebe agrees not to oppose Class Counsel's application for attorneys' fees and costs in an amount not to exceed Two Hundred and Eighty Three and 00/100 Dollars ($283,000) (total) and agrees to pay such amount subject to Court approval ("***Attorney's Fees***").  Plaintiff's Counsel will file any papers supporting its request for Attorney's Fees with the Court fourteen (14) calendar days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in Section 3.9 of this Settlement Agreement.  Class Counsel will not seek an amount greater than Two Hundred and Eighty Three and 00/100 Dollars ($283,000) (total) for its Attorney's Fees in this Action.  The Attorney's Fees will be paid separate and apart from the Incentive Award and Settlement Payments.  If the Court approves the Settlement of this Action and an award of the Attorney's Fees to Class Counsel, bebe agrees to pay the Attorney's Fees approved by the Court up to Two Hundred and Eighty Three and 00/100 Dollars ($283,000) (total)) to Class Counsel, specifically Strategic Legal Practices, APC, within ten (10) Court days after both of the following events occur (a) the Final Settlement Date and (b) Class Counsel, specifically Strategic Legal Practices, APC, provides bebe with its complete Form W-9.  Class Counsel, specifically Strategic Legal Practices, APC, shall have control over and sole responsibility to distribute the Attorney's Fees to the other Class Counsel or any other attorney or law firm that may claim entitlement to any attorney's fees and/or costs under this Settlement or as a result of the Action.  No interest shall be paid on the Attorney's Fees awarded.

**2.4    Settlement Implementation Costs.**  bebe will bear all costs of providing Notice to the Class in the manner prescribed below in Section 3.3. bebe will also bear all costs associated with settlement administration (*e.g.*, Claim Form processing and Settlement Payment distribution) by the Claims Administrator.

7

**2.5      Reduction in Plaintiff's Incentive Award or Class Counsel's Attorneys' Fees or Costs.**  A reduction by the Court or by an appellate court of the Incentive Award and/or Attorney's Fees will not affect any of the Parties' other rights and obligations under the Settlement Agreement.

**2.6      No Tax Liability.**  Under no circumstances will bebe or bebe's Counsel have any liability for taxes or tax expenses for payment of any Settlement Payments, Incentive Award or Attorney's Fees under the Settlement.  Plaintiffs and Class Counsel are solely responsible for any taxes on any Incentive Award or Attorney's Fees awarded by the Court and paid by bebe, and Authorized Claimants are solely responsible for any taxes on any Settlement Payment awarded by the Court and paid or provided by bebe. Nothing in this Settlement, or statements made during the negotiation of its terms, shall constitute tax advice by bebe or bebe's Counsel.

**3.      CLASS SETTLEMENT PROCEDURES.**

**3.1      Cooperation to Obtain Court Approval.**  The Parties will jointly take reasonable steps necessary to secure the Court's approval of this Settlement Agreement and a Final Order.

**3.2      Preliminary Approval of Settlement.**  As soon as practicable after this Settlement Agreement is signed, Plaintiffs must take steps to obtain preliminary approval of the Settlement from the Court.   The Motion for Preliminary Approval of the Settlement must request the Court to:

   **(a)**      preliminarily approve this Settlement Agreement on the ground it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[,]" *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007);

   **(b)**      confirm that the Class is all persons in the U.S. who provided their mobile telephone number to bebe in one of bebe's stores at the point-of-sale between October 16, 2013 and January 21, 2014 and received an SMS or text message from bebe or on its behalf before January 22, 2014. For purposes of this Settlement, Rodriguez is part of the Class. Excluded from the Class are bebe's Counsel, officers, directors, employees and agents.

   **(c)**      preliminarily approve the form, manner, and content of the Email Notice, Publication Notice, and Claim Form described in Sections 3.3 and 3.6 of this Settlement Agreement, and attached as **Exhibits A, B and F**;

   **(d)**      set the date and time of the Fairness Hearing;

   **(e)**      find that bebe has complied with 28 U.S.C. § 1715(b); and

**(f)** stay all proceedings in the Action, except as may be necessary to implement or comply with the terms of the Settlement or this Settlement Agreement, until the Court renders a final decision on approval of the Settlement and set a briefing schedule for the papers in support of the Final Order.

The Preliminary Approval of Class Settlement Order must be substantially similar to the form attached as **Exhibit E**.  Class Counsel must draft the motion for preliminary approval of the Settlement and supporting papers and provide bebe's Counsel with a copy to review at least three (3) court days before filing the motion.  bebe shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval of Class Settlement Order.

**3.3     Class Notice.**  Subject to the Court entering the Preliminary Approval of Class Settlement Order, the Parties agree that bebe and the Claims Administrator will provide the Class with notice of the proposed settlement by the following methods:

**(a)     Settlement Website**.  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval of Class Settlement Order, the Claims Administrator will set up a Settlement Website. The Settlement Website will post the Operative Complaint, Settlement Agreement, Preliminary Approval of Class Settlement Order, Full Notice, Claim Form, and within three (3) Court days after it is filed, Class Counsel's fee application.  The Settlement Website will be active until at least the Final Settlement Date.  The Settlement Website shall be designed and constructed to accept electronic Claim Form submissions.

**(b)     Email Notice.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval of Class Settlement Order, bebe will cause an Email Notice to be sent to each Class Member for whom bebe has a valid email address in its customer relationship management database ("***CRM Database***").   The Email Notice will be substantially similar to the form attached as **Exhibit B**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

**(c)     Publication Notice.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval of Class Settlement Order, will cause to be posted an online media notice via an Internet text announcement containing a URL or link to the Settlement Website and appearing through Google Adwords and/or the Yahoo! Bing Network.  This online media notice will be substantially similar to the form attached as **Exhibit F**.

**3.4     Class Action Fairness Act Notice.**  Within ten (10) calendar days after this Agreement is filed with the Court, bebe shall serve upon relevant government

officials notice of the proposed settlement in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715 ("**CAFA Notice**").

3.5     **Proof of Notice.**  No later than ten (10) calendar days before the Fairness Hearing, bebe and the Claims Administrator will file with the Court and serve upon Class Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 3.3 and 3.4 of this Settlement Agreement.

3.6     **Claims Procedure.**  To be eligible to receive a Settlement Payment, Class Members must submit a valid and complete Claim Form to the Claims Administrator no later than the Response Deadline.  The Claim Form may be submitted using the Settlement Website, or by email only.  The delivery date is deemed to be the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. Any Class Member who fails to timely submit a valid and complete Claim Form will not receive any benefits under this Settlement Agreement.  Each Class Member may submit only one Claim Form.

3.7     **Right to Verify.**  The Claims Administrator will review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and will reject all Claim Forms that are not complete, valid, accurate, and/or timely.  The Claims Administrator will verify the validity and accuracy of the Claim Form using information available in bebe's CRM Database and other publicly available information.

3.8     **Disputed Claims.**  If the Parties dispute a Claim Form's completeness, validity, accuracy, and/or timeliness, the Parties will meet and confer in good faith to resolve the dispute.  bebe's CRM Database and any report from a third-party entity confirming that a telephone number was not a mobile telephone number during the period of October 16, 2013 through January 21, 2014, will be entitled to a rebuttable presumption of accuracy.

3.9  **Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver a written objection to the Claims Administrator no later than the Response Deadline. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator. Written objections must include: (a) the name and case number of the Action "*Meyer v. bebe stores, inc., et al.*, Case 14-cv-00267"; (b) the full name, address, and mobile telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; and (d) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (e) facts showing that the person objecting is a Class Member. The written objection must be signed and dated, and must include the following language immediately above the signature and date "I declare under penalty of perjury under the laws of the United States of America that the

foregoing statements regarding class membership are true and correct to the best of my knowledge." Any Class Member who submits a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on the timely and valid written objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely written objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

      **3.10    Exclusion from the Class.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement or the Settlement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and mobile telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than the Response Deadline.

           **(a)    Exclusion List.**  bebe must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class by providing the notice required in Section 3.10 of this Settlement Agreement no later than ten (10) calendar days before the filing date for Plaintiff's Motion in Support of the Final Order.

           **(b)    Blow-up Clause.**  Despite this Settlement Agreement, if more than two hundred and fifty (250) Class Members request exclusion, then bebe may, in its sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*.  In that event: (i) the Preliminary Approval of Class Settlement Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date, except as modified by the Court's Order Vacating Dates; Setting Schedule for Preliminary Approval (Dkt. No. 153); and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation

will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

**3.11    Settlement Payment Distribution.**    If the Court approves the Settlement of this Action, bebe will cause the Settlement Payments to be mailed within forty-five (45) calendar days following the Final Settlement Date.

**4.    FINAL ORDER, JUDGMENT AND RELEASES.**

**4.1   Final Order, Judgment and Enforcement.**   The Parties agree that should the Court grant final approval of the proposed Settlement and enter the Final Order, the Final Order shall include a provision for the Court's retention of jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.2   Final Order.**   Before the Fairness Hearing, Plaintiffs must apply for Court approval of a proposed Final Order, substantially similar to the form attached as **Exhibit C**.  Subject to the Court's approval, the Final Order shall, among other things:

> **(a)**    finally approve the Settlement Agreement as fair, reasonable and adequate;

> **(b)**    find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

> **(c)**    issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Settlement Payments, payment of Incentive Award, and payment of Class Counsel's Attorney's Fees.

> **(d)**    incorporate the release set forth in the Settlement Agreement;

> **(e)**    dismiss the Action with prejudice; and

> **(f)**    retain jurisdiction over the Action and the Parties relating to the administration, consummation, or enforcement of the Settlement Agreement and the Final Order, and for any other necessary purpose related to the Action.

Class Counsel must also draft the motion for final approval and supporting papers, and provide bebe's Counsel with a copy of these papers to review at least three (3) calendar days before the motion for final approval's filing deadline.  bebe shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the motion for a Final Order and Judgment.

**4.3    Effect of Agreement if Settlement Is Not Approved.**   This Settlement Agreement was entered into only for the purpose of Settlement.  In the event that the

Court conditions its approval of either the Preliminary Approval of Class Settlement Order or the Final Order on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed.  In that event (a) the Preliminary Approval of Class Settlement Order and all of its provisions will be vacated by its own terms; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, except as modified by the Court's Order Vacating Dates; Setting Schedule for Preliminary Approval (Dkt. No. 153); and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.  If the Court does not approve the Settlement or enter the Final Order for any reason, or if the Final Settlement Date does not occur for any reason, bebe shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

   **4.4   Release as to All Class Members.**  Upon entry of the Final Order, Plaintiffs and each member of the Class who has not timely and validly requested exclusion from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released bebe, and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, attorneys, insurers and reinsurers, and bebe's and their respective successors and predecessors in interest, subsidiaries, affiliates, direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, partners and privities, and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents ("***Released Parties***"), from the Released Claims.  For purposes of this Settlement Agreement, the "***Released Claims***" are defined as all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all claims related to the sending of allegedly unauthorized SMS or text messages and any alleged violations of the TCPA or similar laws, including but not limited to, state laws relating to allegedly unauthorized calls and/or text messages.  Excluded from Released Claims are any alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 or similar state laws relating to allegedly unauthorized facsimile transmissions or audio/voice calls as opposed to text messages.

As to these Released Claims, each member of the Class and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each member of the Class is deemed to fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by the members of the Class and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, the members of the Class agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

4.5    **General Release by Named Plaintiffs.**   In addition to the Releases Claims set forth above in Section 4.4, effective upon entry of the Final Order, the Named Plaintiffs make the additional following general release of all claims, known or unknown. Named Plaintiffs and each of their successors, assigns, legatees, heirs, and personal representatives, release and forever discharge the Released Parties from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent.   (The release set forth in Sections 4.4 and 4.5 of this Settlement Agreement shall be referred to hereinafter as the **"General Release"**).  The General Release includes any unknown claims the Named Plaintiffs do not know or suspect to exist in their favor at the time of the General Release, which, if known by them, might have affected their Settlement with, and release of, the Released Parties by the Named Plaintiffs or might have affected their decision not to object to this Settlement Agreement or the General Release.  With respect to the General Release, the Named Plaintiffs stipulate and agree that, effective upon entry of the Judgment, the Named Plaintiffs shall be deemed to have, and by operation of the Final Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

14

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiffs fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by them and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, the Named Plaintiffs agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

5.    **ADDITIONAL PROVISIONS.**

     **5.1    No Admission of Liability or Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims.  Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including bebe, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.  bebe has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Action.  bebe has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.

     **5.2    Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

     **5.3    Fair, Adequate, and Reasonable Settlement.**  The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations, including a full day mediation session in San Francisco, California before Hon. Fred K. Morrison (Ret.) of JAMS.

     **5.4    Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.5    Voluntary Agreement.**    This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**5.6    Binding on Successors.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties and each member of the Class who has not timely and validly requested exclusion from the Settlement.

**5.7    Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**5.8    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.9    Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.10    Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.11    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.12    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.13    Modifications and Amendments.**    No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

**5.14    Governing Law.**  This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**5.15    Further Assurances.**  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**5.16    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.17    Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**5.18    Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**5.19    Counterparts.**    This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies of executed copies of this Agreement may be treated as originals.

**5.20    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.21    Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.  Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order.

**5.22    No Conflict Intended.**    Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**5.23    Class Counsel and bebe's Counsel Contact Information.**

| CLASS COUNSEL | BEBE'S COUNSEL |
|---|---|
| Payam Shahian<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067 | Amy L. Pierce<br>Pillsbury Winthrop Shaw Pittman LLP<br>725 South Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406 |

**5.24    List of Exhibits:**    The following exhibits are attached to this Settlement Agreement:

Exhibit A:    Claim Form

Exhibit B:    Email Notice

Exhibit C:    [Proposed] Order Granting Final Approval of Class Settlement and Entering Judgment

Exhibit D:    Full Notice

Exhibit E:    [Proposed] Order Granting Preliminary Approval of Class Settlement

Exhibit F:    Publication Notice

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

**PLAINTIFFS**

Dated: June **11**, 2017

_____
MELITA MEYER

Dated: June ___, 2017

_____
SAMANTHA RODRIGUEZ

Dated: June ___, 2017

_____
COURTNEY BARRETT

**DEFENDANT**

bebe stores, inc.

Dated: April ___, 2017

_____
By:  Gary Bosch
Its:  General Counsel

19

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

**PLAINTIFFS**

Dated: June \_\_, 2017

_____
MELITA MEYER

Dated: June 12, 2017

_____
SAMANTHA RODRIGUEZ

Dated: June \_\_, 2017

_____
COURTNEY BARRETT

**DEFENDANT**

bebe stores, inc.

Dated: April \_\_, 2017

_____
By:  Gary Bosch
Its:  General Counsel

19



**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

**PLAINTIFFS**

Dated: June __, 2017

_____
MELITA MEYER

Dated: June __, 2017

_____
SAMANTHA RODRIGUEZ

Dated: June 12, 2017

_____
COURTNEY BARRET

**DEFENDANT**

Dated: April __, 2017

bebe stores, inc.

_____
By:  Gary Bosch
Its:  General Counsel

19

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

**PLAINTIFFS**

Dated: June ___, 2017

_____
MELITA MEYER

Dated: June ___, 2017

_____
SAMANTHA RODRIGUEZ

Dated: June ___, 2017

_____
COURTNEY BARRETT

**DEFENDANT**

Dated: ~~April~~ 12, 2017
June

bebe stores, inc.

_____
By:  Gary Bosch
Its:  General Counsel

19